JOHN HOWARD, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW — NEW TRIAL ON GROUND OF NEWLY-DISCOVERED EVIDENCE.

Applications for new trial upon the ground of newly-discovered eviered evidence are looked upon by the courts with distrust and disfavor, and are granted only under the following restrictions: (1) The evidence must have been discovered since the former trial; (2) the party must have used due diligence to procure it on the former trial; (3) it must be material to the issue; (4) it must go to the merits of the cause, and not merely to impeach the character of a witness; (5) it must not be merely cumulative; (6) it must be such as ought to produce on another trial an opposite result on the merits. The party applying must make his vigilance apparent, for if it is left even doubtful that he knew of the evidence, or that he might, but for the negligence, have known of and produced it, he will not succeed in his application.

Writ of error to the Circuit Court for Leon county.

The facts of the case are stated in the opinion of the court.

*Stephen C. Miller*, for Plaintiff in Error.

*The Attorney–General*, for Defendant in Error.

TAYLOR, J.:

The plaintiff in error was indicted, tried and con-
victed at the Spring term, 1895, of the Circuit Court
for Leon county, of the crime of assault with intent to
murder, and sentenced to imprisonment in the peni-
itentiary for five years, and brings his case here on
writ of error.

The refusal of the court to grant the defendant's
motion for new trial is the only error assigned. The
grounds of the motion for new trial were, that the ver-
dict was contrary to law and the evidence, and because
of newly-discovered evidence as presented in the de-
fendant's affidavit, corroborated by the affidavit of the
newly-discovered witness as to the facts he would tes-
testify to. The first ground of the motion for new
trial, to the effect that the verdict was contrary to law
and to the evidence, is without merit. Without de-
tailing it, it is sufficient for us to say that the evidence
in the cause, if believed by the jury, was amply sup-
portive of the verdict found, both in fact and in law.

Touching the second ground of the motion for new
trial, that of newly-discovered evidence, it was shown,
on behalf of the State, that the defendant made an
assault upon one W. I. Vason with a gun, with which
he fired at Vason while Vason was in the act of freeing
one of his cows from the entanglement of a rope with
which she was secured in the defendant's field, the de-
fendant's mother having the cow there by Vason's con-
sent as a pledge to secure the payment by Vason of
damages done to her crops by his cattle. Vason testi-
fied that the defendant fired at him with his shotgun
first, and without other provocation than that of seek-
ing to disentagle his cow from the rope with which she
was tied, and an effort on his part to remove the cow

from the hot sun where she was tied, into a shady place. The defendant in his statement under oath at trial testified in his own behalf that Vason was trying to and threatened to take the cow forcibly from his mother's field without paying the damages for the security of which he had pledged her, and upon his taking hold of the rope by which the cow was held, to prevent his carrying out his threat, that Vason fired at him with a pistol, upon which he returned the fire with his shotgun; the pith of the conflict between the testimony of the two being as to which of them used a deadly weapon first. In his affidavit for new trial, claiming newly-discovered evidence, the defendant swore that since his trial he had discovered that one Joshua Varnum and his son, both of Leon county, were passing along the public road at the time of the assault, and were within 250 yards of the scene of the occurrence at the time, and that both of said witnesses would swear that they heard the two shots and saw the smoke thereof, and that they could distinctly distinguish the pistol shot from the gun shot, and that the pistol shot came first, before the gun shot. The defendant's affidvit further stated "that he used due diligence in discovering evidence in his own behalf, and did not know at the time of his trial that said testimony could have been obtained." Applications for new trials upon the ground of newly-discovered evidence are looked upon by the courts with distrust and disfavor, and are granted only under the following restrictions: 1. The evidence must have been discovered since the former trial. 2. The party must have used due diligence to procure it on the former trial. 3. It must be material to the issue. 4. It must go to the merits of the cause, and not merely to impeach the character of a witness. 5. It must not be merely cumu-

lative. 6. It must be such as ought to produce on another trial an opposite result on the merits. See authorities collated in 16 Am. & Eng. Ency. of Law, p. 564 *et seq.* In Milton vs. Blackshear, 8 Fla. 161, this court has said in reference to the rule of *diligence* to be shown by the applicant in such cases, "that the party applying must make his vigilance apparent, for if it is left even doubtful that he knew of the evidence, or that he might, but for negligence, have known and produced it, he will not succeed in his application." And in the same case it was said further, that "if the evidence proposed to be obtained be merely *cumulative,* or in corroboration of testimony to a point presented at the trial, the motion will not be granted." To the same effect are the rulings in the cases of Coker vs. Merritt, 16 Fla. 416, and in Simpson vs. Daniels, Ibid, 677. In the latter case the language of the applicant's affidavit upon the point of diligence in seeking evidence was as follows: "That affiant did not know of this evidence until since the trial of said cause, and that affiant has used every endeavor to obtain evidence bearing on the issues involved in the case." In reference to this affidavit the court said in that case, that "it is no sufficient proof of diligence in this respect to assert in the affidavit that 'the defendants have used every endeavor to obtain evidence bearing on the issues involved in the case.' Something more positive, showing diligence, must be asserted." Guided by these authorities, the affidavit in the case before us is defective and insufficient to warrant the granting of the application in two essential particulars: (1) The proposed newly-discovered evidence is merely *cumulative* and corroborative of the point about which the defendant testified at the trial as to which shot first, he or Vason; and (2) it does not come up to the rule requiring the

·exhibition of *diligence* in the discovery of the evidence proposed. For these reasons the court did not err in refusing the application.

The judgment of conviction below is affirmed.