Williams v. The State of Florida—Syllabus.

JIM WILLIAMS, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An application for the postponement of a trial is addressed to the sound judicial discretion of the trial court, and the ruling of such court upon such application will not be disturbed by an appellate court, unless an abuse of this discretion is clearly shown.

2. When the trial of a criminal prosecution has been set for a day certain, of which the defendant has been duly informed, and such trial has already been postponed for one day, at the defendant's request, no abuse of judicial discretion upon the part of the trial court is made to appear in refusing to allow defendant time to prepare a motion for a continuance, when defendant waits until the case is actually called for trial before making such request, it being also shown that defendant had been afforded ample opportunity to prepare such motion prior to the calling of the case for trial.

3. General objections to evidence proposed, without stating the precise grounds of objections, are vague and nugatory, and are without weight before an appellate court, unless the evidence objected to is palpably prejudicial, improper, and inadmissible for any purpose or under any circumstances.

4. No error was committed by the trial court in refusing the request of defendant in a criminal prosecution to permit his attorneys to talk to two state witnesses who had not been called upon to testify when the state had rested its case, especially as said witnesses were introduced by the state in rebuttal.

5. Where one of the errors assigned is based upon the overruling of the motion for a new trial, and said motion con-

sists of a number of grounds, an appellate court will consider only such grounds as are argued.

6.  Evidence examined and found sufficient to support the verdict.

7.  Applications for new trial upon the ground of newly discovered evidence are looked upon by the courts with distrust and disfavor, and are granted only under the following restrictions: (1) The evidence must have been discovered since the former trial; (2) the party must have used diligence to procure it on the former trial; (3) it must be material to the issue; (4) it must go to the merits of the cause, and not merely to impeach the character of a witness; (5) it must not be merely cumulative; (6) it must be such as ought to produce on another trial an opposite result on the merits. The party applying must make his vigilance apparent, for if it is left even doubtful that he knew of the evidence, or that he might, but for the negligence, have known of and produced it, he will not succeed in his application.

This case was decided by Division A.

Writ of error to the Criminal Court of Record for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*H. S. Phillips,* for Plaintiff in Error;

*W. H. Ellis,* Attorney General, for the State.

SHACKLEFORD, C. J.: Jim Williams, the plaintiff in error, was convicted of an assault with intent to murder and sentenced to a term of ten years in the state prison.

Four errors are assigned, the first being that "The court erred in refusing to permit counsel for the defendant below to prepare in writing a motion for a continuance in said cause, and file the same."

We find that on Monday, the 26th day of March, 1906, the case was set for trial on the following Friday, that defendant made no effort to have his witnesses summoned until the afternoon of the 29th, when his counsel handed a list of his witnesses to the judge and requested that subpoenas be issued for them, stating that defendant would make an insolvency affidavit when brought to the court house; thereupon the judge stated that the case was set for trial on the morning of the 30th and he did not think it possible to secure the attendance of the witnesses in that limited time and that they should have been summoned earlier, but that he would have subpoenas issued for them; that the deputy sheriff to whom the names of the witnesses were handed failed to deliver them to the clerk and the subpoenas were not issued, whereupon the case was continued for one day, at the request of defendant; that no request was made of the sheriff or of the court by defendant at the opening of the court on the morning of the 31st for the names of the witnesses to be called; that the case was not called for trial until 11:15 o'clock that morning, when for the first time defendant requested that his witnesses be called, and, finding all absent but one, requested the court to allow an opportunity of preparing a motion in writing for a continuance, on the ground of the absence of all material witnesses. The refusal of this request forms the basis for this assignment. No error is made to appear here, as no abuse of judicial discretion in denying such application is shown. See Clements v. State, 51 Fla. 6, 40 South. Rep. 432, and numerous authorities therein cited. Instead of due diligence on the part of defendant

or his counsel in the endeavor to have the witnesses present having been shown, the contrary is apparent. It would seem that defendant had ample time in which to prepare and have ready his motion for a continuance before his case was called for trial.

The second assignment is based upon the overruling of objections interposed by defendant to certain questions propounded to Dan Ryals, a witness on behalf of the State. It had been developed by the prosecution that on the same night the assault was committed, between one and two o'clock, a deputy sheriff, who was trying to arrest defendant for such assault, saw him on horseback with a shot gun, but got only within 50 or 75 feet of defendant, when he whirled his horse around and went off in a gallop; that he was arrested a few days later, still having a shot gun in his possession. It was also brought out both on the direct and cross-examination of the deputy sheriff who arrested defendant that the gun which defendant had in his possession at that time and which he gave up to the deputy sheriff was bent and was in such condition that it would not shoot straight, though it had one shell in it, and that when witness saw defendant on the same night the assault was committed he did not know what condition the gun was in which defendant had. The State then introduced Dan Ryals, who testified that shortly after one o'clock on the night of the difficulty defendant came to the house of witness and borrowed witness' gun, which was in fine working order at the time, but was bent and mashed when witness got it back. Defendant objected to witness testifying as to what defendant said and did on the night he came to the house of witness and also as to the condition the gun was in when witness got it back. The defendant is confined here to the grounds of objec-

tions interposed by him to the questions in the court below. We find that the only grounds urged there were that they were "immaterial and irrelevant." Under the rule laid down by this court in Kirby v. State, 44 Fla. 81, 32 South. Rep. 836, concerning general objections to testimony, these grounds are vague and nugatory, and without any weight before an appellate court. It could not successfully be contended that the testimony so objected to was palpably prejudicial, improper and inadmissible for any purpose. Also see Williams v. State, 45 Fla. 128, 34 South. Rep. 279; Pittman v. State, 51 Fla. 94, 41 South. Rep. 385. No motion was made to strike out or to exclude any of the testimony elicited by said questions.

The third assignment is that "the court erred in refusing to allow attorneys for defendant below to talk to two of the State's witnesses, to wit: Lewis Brandon and Cleveland Wilson, after the State had rested, the said witnesses being present, but not placed on the stand."

No authorities are cited in support of this assignment and the only argument made is that there was an abuse of judicial discretion in such refusal. In what this abuse consisted is not pointed out to us, and, as both of the named witnesses were placed on the stand by the State in rebuttal, it is not apparent wherein any error was committed by the trial court in refusing the request.

The fourth and last assignment is based on the denial of the motion for a new trial. We confine ourselves to such grounds of this motion as are argued here. McNish v. State, 47 Fla. 69, 36 South. Rep. 176; Spires v. State, 50 Fla. 121, 39 South. Rep. 181. The first, second, and third grounds of the motion question the sufficiency of the evidence to support the verdict. While there was some conflict in the evidence, it was ample to warrant the verdict.

The trial judge refused to interfere with it and, following the long settled practice in the court, we too must decline to disturb it. The eighth ground of the motion is based upon newly discovered evidence. Several affidavits are filed in support thereof, all of which we have carefully considered. No extended discussion thereof is necessary. Suffice it to say that no such showing was made as is set forth in Howard v. State, 36 Fla. 21, 17 South. Rep. 84. Under the requirements therein enunciated, no error was committed in the refusal of the motion for a new trial upon this ground. This disposes of all of the grounds of the motion urged before us. Finding no reversible error, the judgment of the court below is affirmed.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.