WILKERSON GILBERT, PERCY GILBERT AND CHESTER GILBERT, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

CRIMINAL LAW—REFUSING TO REITERATE CHARGES—SIDE REMARKS BY JUDGE—NEWLY DISCOVERED EVIDENCE AS GROUND FOR NEW TRIAL.

1.  There is no error in refusing to give instructions that have already been given in substance.

2.  Trial judges should be careful not to make side remarks in the hearing of the jury with reference to a cause on trial.

3.  Applications for new trial upon the ground of newly discovered evidence are looked upon by the courts with distrust and disfavor, and are granted only under the following restrictions: (1) The evidence must have been discovered since the former trial; (2) the party must have used due diligence to procure it on the former trial; (3) it must be material to

the issue; (4) it must go to the merits of the cause, and not merely to impeach the character of a witness; (5) it must not be merely cumulative; (6) it must be such as ought to produce on another trial an opposite result on the merits.

This case was decided by Division B.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Price & Lewis,* for Plaintiffs in Error;

*Park Trammell,* Attorney-General, for the State.

TAYLOR, J.—The plaintiffs in error were tried in the circuit court of Jackson county upon an indictment charging them with murder in the first degree, and were convicted of manslaughter, and seek a reversal of the judgment pronounced against them by a writ of error.

During the examination of an agent of the express company by whom the defendants were endeavoring to prove that on the day of the homicide he as express agent delivered to the deceased a package containing several quarts of liquor, in contradiction of the evidence for the State that during the afternoon and evening of the day of the homicide the deceased with two other men who were with him in a buggy had and consumed only one pint of whiskey, the following question was propounded to the said express agent by the defendants' attorney: "Q. I wish you would look and see whether you delivered a package to Silas Still on the 8th day of July?" To which question objection was made by the State on the ground of immateriality. Counsel for the defense then stated that he wished to show that they got more than a pint of liquor.

The court then in ruling on the objection said: "He might have delivered a package to Still (the deceased), but unless there was some further showing that they had it with them, it would not be material." To this ruling by the court counsel for the defense then replied: "Well, we are unfortunate in not having any but their own testimony." To which the court replied: "The State is equally unfortunate, there is one party they have not got here either." To this remark of the judge exception was taken and it is assigned as error. While the making of this remark by the court in the presence of the jury was irregular, and it should not have been made, yet it has not been made to appear to us to be error as will compel a reversal of the judgment below. There was nothing in the remark from which the jury could infer what views the court entertained as to the guilt or innocence of the accused. Neither was there anything in the remark that reflected on the accused or their counsel. Trial courts should be careful to abstain from making these side remarks, as we have heretofore held in several cases. But in the remarks of the judge here assigned as error, we fail to find such error as will compel a reversal of the judgment below.

The 2nd, 3rd, 4th and 5th, 13th and 14th assignments of error are expressly abandoned in the briefs filed.

The 6th, 7th, 8th, 9th, 10th, 11th and 12th assignments of error all complain of refusals of the judge to give instructions requested by the defendants. No useful purpose can be subserved by setting out these refused instructions here. We have examined them all carefully, together with the great number of charges given by the judge of his own motion and at the request of the defendants, and find that all of these refused instructions, that may otherwise have been correctly given, had been given in substance. In fact the whole law of the case was very fully

given in charge, and there was, therefore, no error in refusing the requested instructions.

The 15th and last assignment of error complains of the denial of the defendants' motion for new trial. The 5th and 6th grounds of this motion are predicated on the ground of alleged newly discovered evidence.

In Howard v. State, 36 Fla., 21, 17 South. Rep., 84, the rule with reference to the granting of new trials on the ground of newly discovered evidence has been stated as follows: "Applications for new trial upon the ground of newly discovered evidence are looked upon by the courts with distrust and disfavor, and are granted only under the following restrictions: (1) The evidence must have been discovered since the former trial; (2) the party must have used due diligence to procure it on the former trial; (3) it must be material to the issue; (4) it must go to the merits of the cause, and not merely to impeach the character of a witness; (5) it must not be merely cumulative; (6) it must be such as ought to produce on another trial an opposite result on the merits. We have carefully examined the affidavits filed in support of these two grounds of the motion for new trial, and do not think that they show due diligence in procuring the alleged newly discovered evidence at the trial. Neither do we think that the alleged newly discovered evidence even if introduced at the trial ought to have produced a different result. There was no dispute as to the fact that the deceased came to his death by reason of a pistol shot. Whereas the alleged newly discovered evidence all related to an alleged knife wound in the arm of the deceased. Our view is that even leaving out of the case all the evidence in reference to a knife wound in the arm of deceased, there was evidence sufficient to sustain the verdict returned against all of the defendants—and being of this opinion there was consequently no error in the denial of the motion for new trial:

Finding no reversible error the judgment of the circuit court in said cause is hereby affirmed at the cost of Jackson county, the defendants being shown to be insolvent.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.