IVEY WILLIAMS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion Filed October 21, 1914.

1. In treating an assignment of error based on the overruling of the motion for a new trial, an appellate court will consider only such grounds of the motion as are argued before it.

2. When there was evidence legally sufficient to support the verdict, the appellate court will not reverse a ruling of the trial court refusing a new trial on the ground of insufficient evidence, even though there be conflict in the evidence, unless the preponderance is such that the jury must have been improperly influenced to render the verdict.

3. Applications for new trial upon the ground of newly discovered evidence are looked upon by the courts with distrust and disfavor, and are granted only under the following restrictions: (1) The evidence must have been discovered since the former trial; (2) the party must have used diligence to procure it on the former trial; (3) it must be material to the issue; (4) it must go to the merits of the cause, and not merely to impeach the character of a witness; (5) it must not be merely cumulative; (6) it must be such as ought to produce on another trial an opposite result on the merits. The party applying must make his vigilance apparent, for

if it is left even undoubtful that he knew of the evidence, or that he might, but for negligence, have known of and produced it, he will not succeed in his application.

Writ of error to Circuit Court for Suwannee County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*L. E. Roberson,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, C. J.—Ivey Williams was indicted and tried for murder in the first degree and convicted of murder in the second degree. The only assignment argued is that the trial court erred in overruling the motion for a new trial. Following the established practice of this court, we shall consider only such grounds of this motion as are argued before us, treating the other grounds as abandoned. Johnson v. State, 55 Fla. 41, 46 South. Rep. 174; McCall v. State, 55 Fla. 108, 46 South. Rep. 321; Revels v. State, 62 Fla. 83, 56 South. Rep. 416; Revels v. State, 64 Fla. 432, 59 South. Rep. 951. It is contended that the evidence adduced fails to sustain the verdict. An examination of all the evidence constrains us to a different conclusion. We are of the opinion that it is sufficient. While there are more or less conflicts therein, such conflicts were for the jury to pass upon and determine. See Lindsey v. State, 53 Fla. 56, 43 South. Rep. 87. The only remaining ground of the motion which is insisted upon is one which is based upon newly discovered evidence. We have examined the motion upon this point and the affidavits filed in support thereof and are of the opin-

ion that no such showing was made as we have several times held should be done. See Williams v. State, 53 Fla. 89, 43 South. Rep. 428, wherein, following prior decisions, we held as follows: "Applications for new trial upon the ground of newly discovered evidence are looked upon by the courts with distrust and disfavor, and are granted only under the following restrictions: (1) The evidence must have been discovered since the former trial; (2) the party must have used diligence to procure it on the former trial; (3) it must be material to the issue; (4) it must go to the merits of the cause, and not merely to impeach the character of a witness; (5) it must not be merely cumulative; (6) it must be such as ought to produce on another trial an opposite result on the merits. The party applying must make his vigilance apparent, for if it is left even doubtful that he knew of the evidence, or that he might, but for the negligence, have known of and produced it, he will not succeed in his application." The newly-discovered evidence upon the ground of which a new trial was sought was cumulative in its nature and merely sought to contradict one of the State witnesses. See Long v. State, 42 Fla. 612, 28 South. Rep. 855.

No error having been made to appear to us, the judgment must be affirmed.

TAYLOR, HOCKER AND WHITFIELD, J, J., concur.

COCKRELL, J., absent by reason of illness in his family.