FLORIDA EAST COAST RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error,* v. JOHN KNOWLES, *Defendant in Error.*

### Opinion Filed November 25, 1914.

1. The object of judicial proceedings is to ascertain and to decide upon disputes between parties. In order to do this, it is indispensable that the point or points in controversy be evolved and distinctly presented for decision. The pleadings in an action at law are designed to develop and present the precise points in dispute and they should be characterized with certainty, clearness and conciseness. The administration of justice is a practical affair and the pleadings should not be converted, or rather perverted, into logomachies or logic-chopping.

2. In actions at law where the negligence of the defendant is the basis of recovery, it is not necessary for the declaration to set out the facts constituting such negligence, but an allegation of suffcient acts causing injury to the plaintiff, coupled with an allegation that such acts were negligently done, will be sufficient.

3. Where a declaration is filed in an action at law containing unnecessary counts, the trial court is warranted in requiring a compulsory amendment thereof of its own motion, under the provisions of Section 1433 of the General Statutes of Florida.

4. A special plea tendering an issue covered by the plea of not guilty should be stricken out either on motion of the plaintiff or by the court of its own motion, under Section 1433 of the General Statutes of Florida, as tending to prejudice, embarrass or delay the fair trial of the action.

5. The practice of assigning a large or unnecessary number of errors is disapproved.

6. There is a clear distinction in the functions performed by a demurrer to a pleading and a motion for the compulsory amendment thereof, and this distinction should be observed. They cannot be used interchangeably and indiscriminately employed, as they are governed by essentially different rules of procedure.

7. A case should not be taken from the jury unless the conclusion follows from the evidence as matter of law that no recovery can be lawfully had upon any view taken of facts that the evidence tends to establish.

8. In passing upon a single instruction or charge it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury.

9. Only such instructions should be requested by either the plaintiff or defendant as bear upon the law of the case and will aid the jury in trying and determining the issues, as unnecessary instructions afford opportunities for error, and are burdensome to the courts. When a large number of instructions are given, they are also well calculated to confuse and mislead the jury.

10. In passing upon an assignment based upon the ruling of the

26—Vol. 68

trial court in denying a motion for a new trial, which questions the sufficiency of the evidence to sustain the verdict, the guiding principle for an appellate court is not what it may think the jury ought to have done, or what such court may think it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found such verdict from the evidence adduced. If this question can be answered in the affirmative, the action of the trial court upon such motion should not be disturbed.

11. Applications for new trial upon the ground of newly discovered evidence are looked upon by the courts with distrust and disfavor, and are granted only under the following restrictions: (1) The evidence must have been discovered since the former trial; (2) the party must have used diligence to procure it on the former trial; (3) it must be material to the issue; (4) it must go to the merits of the cause, and not merely to impeach the character of a witness; (5) it must not be merely cumulative; (6) it must be such as ought to produce on another trial an opposite result on the merits. The party applying must make his vigilance apparent, for if it is left even doubtful that he knew of the evidence, or that he might, but for negligence, have known of and produced it, he will not succeed in his application.

Writ of error to Circuit Court for Putnam County; James T. Wills, Judge.

Judgment affirmed.

*Alex St. Clair-Abrams* and *E. E. Haskill,* for Plaintiff in Error;

*Hilburn & Merriday,* for Defendant in Error.

SHACKLEFORD, C. J.—John Knowles brought an action against the Florida East Coast Railway Company, a corporation, to recover damages for personal injuries alleged

to have been caused by the negligence of the defendant, which resulted in a verdict and judgment in favor of the plaintiff for the sum of $3,000.00. The original declaration consists of four counts, to which the defendant interposed a demurrer upon a number of grounds, some of which were directed to the declaration as an entirety and others to the separate counts, which demurrer was overruled. Subsequent to such ruling the plaintiff, by leave of court, amended his declaration by adding four additional counts, making eight counts in all. To the declaration, as amended, the defendant filed nine pleas, some of which were designated as amended pleas, and were quite lengthy. The plaintiff joined issue upon all of the pleas and a trial was had before a jury. Before taking up for consideration any of the assignments of error we would call attention to our discussion in Seaboard Air Line Railway v. Rentz, 60 Fla. 429, 54 South. Rep. 13, as to the object of judicial proceedings, wherein we held: "The object of judicial proceedings is to ascertain and to decide upon disputes between parties. In order to do this, it is indispensable that the point or points in controversy be evolved and distinctly presented for decision. The pleadings in an action at law are designed to develop and present the precise points in dispute and they should be characterized with certainty, clearness and conciseness. The administration of justice is a practical affair and the pleadings should not be converted, or rather perverted, into logomachies or logic-chopping." We further held therein: "In actions at law where the negligence of the defendant is the basis of recovery it is not necessary for the declaration to set out the facts constituting such negligence, but an allegation of sufficient acts causing injury to the plaintiff, coupled with an allegation that such acts were negligently done, will be sufficient." See also War-

field v. Hepburn, 62 Fla. 409, 57 South. Rep. 618, wherein we discussed at some length the controlling principles in framing a declaration in an action seeking to recover damages for personal injuries occasioned by the negligence of the defendant. We shall not repeat what we said in these cited cases, but content ourselves with this reference to them. Still other decisions of this court will be found cited therein. We can conceive of no necessity for eight counts in this declaration. Such prolixity is violative of the principles of good pleading and the declaration might well have been questioned by a motion for compulsory amendment, under Section 1433 of the General Statutes of Florida, as tending to prejudice, embarrass or delay the fair trial of the action. The trial court would have been warranted in requiring such compulsory amendment of its own motion. What we have said is also applicable to the prolixity of the pleas. As we have frequently ruled, special pleas tendering an issue covered by the issue of not guilty should be stricken out either on motion by the plaintiff or by the court on its own motion. See Atlantic Coast Line Railroad Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318. No such motions were directed either against the declaration or the pleas, but the case proceeded to trial, with the resudt as stated.

Twenty-six errors are assigned, but we shall treat only such as we think merit it, and before doing that would call attention to what we said concerning the practice of assigning errors in Mitchell v. Mason, 65 Fla. 208, 61 South. Rep. 579.

No error was committed in overruling the demurrer to the original declaration, either as an entirety or the separate counts thereof, so the assignments predicated thereon must fail. There is a clear distinction in the functions performed by a demurrer to a pleading and a

motion for the compulsory amendment thereof, as we held in Seaboard Air Line Railway v. Rentz, *supra.*

We are also clear that the trial court did not err in refusing to instruct the jury to find a verdict in favor of the defendant, as requested by the defendant. As we have frequently held, "A case should not be taken from the jury unless the conclusion follows from the evidence as matter of law that no recovery can be lawfully had upon any view taken of facts that the evidence tends to establish." Jacksonville Terminal Co. v. Smith, 67 Fla. 10, 64 South. Rep. 354.

We find that the court gave a number of instructions to the jury at the plaintiff's request and also twenty-two separate instructions at the request of the defendant, and in addition thereto four "additional charges." Errors are assigned upon several of the instructions given at the request of the plaintiff, all of which we have examined and are of the opinion that, construed in connection with all the other charges and instructions given at the trial, as must be done, no reversible error is made to appear therein. See Atlantic Coast Line Railroad Company v. Crosby, 53 Fla. 400, 43 South. Rep. 318. The defendant also has an assignment based upon a requested instruction which was refused. No error is made to appear here. We would call attention to our discussion concerning the practice of requesting a large number of instructions in Atlantic Coast Line Railroad Co. v. Levy, decided here at the present term.

We are also of the opinion that no error was committed in overruling the motion for a new trial. As to those grounds thereof which question the sufficiency of the evidence to support the verdict it is suffifficient to say that we have examined all the evidence adduced and are of the opinion that it is amply sufficient. See Atlantic Coast

Line Railroad Co. v. Levy, *supra,* and authorities therein cited. As to the grounds based upon newly discovered evidence, it is sufficient to say that such evidence appears to be merely cumulative in its nature. See Williams v. State, decided here at the present term.

No reversible errors having been made to appear, the judgment must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.