HORACE RYALS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed June 27, 1916.

1. Where there is no real doubt as to who was the aggressor in a homicide, the exclusion of uncommunicated threats made by the deceased may not be harmful, if error.

2. Where asserted newly discovered evidence is not such as ought to produce on another trial an opposite result on the merits, it is not error to deny a new trial on that ground.

Writ of Error to Circuit Court, Polk County; F. A. Whitney, Judge.

Judgment affirmed.

*Wilson, Boswell & McKoy,* for Plaintiff in Error;

*T. F. West, Attorney General,* and *C. O. Andrews, Assistant,* for the State.

PER CURIAM.—Ryals was charged with murder and convicted of manslaughter. On writ of error it is contended that the court erred in excluding evidence of threats made by the deceased against the accused that were not communicated to the accused before the homicide; and that a new trial should have been granted on the showing of newly discovered evidence.

The defendant's own testimony indicates that he was awaiting the appearance of the deceased and "when he stepped out of the gate and told me to stop and called me a — — — I raised my gun and fired, and when I fired he fired." There was no such doubt as to who was the aggressor as to make the exclusion of uncommunicated

threats material and harmful error. As the asserted newly discovered evidence was not such as ought to produce on another trial an opposite result on the merits of the prosecution, there was no error in denying a new trial on that ground. Williams v. State, 68 Fla. 88, 66 South. Rep. 424.

The judgment is affirmed.

All concur.