J. L. DIXON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed February 4, 1919.

Petition for Rehearing denied February 21, 1919.

1. An assignment of error that the defendant was never arraigned can not be sustained where it appears from the record that the defendant was arraigned and entered a plea of not guilty.

2. It is well established her that a judgment of conviction will not be reversed on writ of error even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused or in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendant were violated, and it appears from the whole record that such technical errors, if any, were not prejudicial to the defendants.

3. Where there is substantial competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to indicate that the jury were not influenced by considerations outside the evidence, this court will not disturb the verdict.

4. Appications for new trials upon the ground of newly dis-
covered evidence are looked upon by courts with distrust
and disfavor, and are granted only under the following re-
strictions: 1. The evidence must have been discovered since
the former trial. 2. The party must have used due dili-
gence to procure it on the former trial. 3. It must be ma-
terial to the issue. 4. It must go to the merits of the
cause and not merely to impeach the character of a wit-
ness. 5. It must not be merely cumulative. 6. It must
be such as ought to procure on another trial an opposite
result of the merits.

A Writ of Error to the Circuit Court for Lafayette
County; M. F. Horne, Judge.

Judgment affirmed.

*W. P. Chacous* and *Hal W. Adams,* for Plaintiff in
Error;

*Van C. Swearingen,* Attorney General, and *Worth W.
Trammell,* Assistant, for the State.

WEST, J.—Plaintiff in error, hereinafter referred to as
defendant, was indicted upon a charge of wilfully and
maliciously setting fire to and burning a fence, the prop-
erty of another. He was arraigned, entered a plea of
not guilty and upon a trial was found guilty as charged.
From the judgment sentencing him to a term of three
years at hard labor in the State prison he takes writ
of error.

The first assignment of error is that the defendant
was never arraigned upon said indictment. This is first
called to the court's attention by the assignment of errors
in this court. It appears from the record that the de-

fendant was arraigned and entered a plea of not guilty. This is a complete answer to this contention.

Several assignments are predicated upon certain orders of the trial court overruling objections of the defendant to questions propounded to State witnesses and upon certain other orders sustaining objections propounded to defendant's witnesses. We have examined each of such rulings and find no reversible error in any of them.

It is well established here that "a judgment of conviction will not be reversed on writ of error even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused or in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendants were violated, and it appears from the whole record that such technical errors, if any, were not prejudicial to the defendants." Seymour v. State, 66 Fla. 133, 63 South. Rep. 7; Kersey v. State, 73 Fla. 832, 74 South. Rep. 983.

The refusal of the trial court to set aside the verdict and grant the defendant a new trial is assigned as error. Under this assignment it is urged that the evidence wholly fails to support the verdict, and counsel for defendant in their brief present, in his behalf, an able argument supported by many authorities upon the theory that the State's case depends upon circumstantial evidence and that the only proof offered by the State was circumstantial. The defect in this contention is that there was one eye witness to the commission of the alleged offense who testified against the defendant. This takes the case out of the rule contended for. This evi-

10—Vol. 77.

dence was corroborated by many circumstances. There is ample testimony to support the verdict of the jury and there is nothing in the record to indicate that the jury were not governed by the evidence. Martinez v. State, 76 Fla. 179, 79 South. Rep. 751; Bailey v. State, 76 Fla. 213, 79 South. Rep. 748; Herndon v. State, 73 Fla. 451, 74 South. Rep. 511; Barrentine v. State, 72 Fla. 1, 72 South. Rep. 280.

It is also urged that there was error in refusing the motion for a new trial upon the ground of newly discovered evidence. The rules for testing the sufficiency of the showing necessary to be made upon an application for a new trial on this ground are laid down by this court in the case of Howard v. State, 36 Fla. 21, 17 South. Rep. 84. There the court said "applications for new trials upon the ground of newly-discovered evidence are looked upon by the courts with distrust and disfavor, and are granted only under the following restrictions: 1. The evidence must have been discovered since the former trial. 2. The party must have used due diligence to procure it on the former trial. 3. It must be material to the issue. 4. It must go to the merits of the cause, and not merely to impeach the character of a witness. 5. It must not be merely cumulative. 6. It must be such as ought to procure on another trial an opposite result on the merits." See also Herndon v. State, *supra,* where the later cases are collected.

Considering the affidavit of the State Attorney with the affidavit offered in support of the motion on this ground the showing falls far short, in many respects, of the requirements of the rule stated. It appeared that the alleged newly-discovered evidence tended only to impeach two of the State's witnesses, but, if such testimony

were true, it did not exonerate the defendant. Besides, it appears that the indictment was presented and filed on November 25th, 1915; that the crime was alleged to have been committed on June 19th, 1915, and there has been one trial before the conviction from which this writ of error was taken. The alleged evidence was discovered after the conviction of the defendant on May 31st, 1918, two and one-half years after the indictment was found. There was no error in denying the motion on this ground.

From what has been said, it follows that the judgment must be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.