J. G. Tyson, *Plaintiff in Error*, v. The State of Florida, *Defendant in Error.*

Opinion Filed April 12, 1924.

This case was decided by Division A.

1. Considerable latitude is allowed counsel in their arguments upon the merits of a case before a jury and statements in such arguments that are neither logical nor germane to the subject do not of themselves constitute reversible error.

2. Expressions by attorneys in their arguments before a jury as to their personal opinion of guilt are highly improper though they do not necessarily constitute reversible error.

3. In the argument of a cause upon its merits before a jury counsel should confine their remarks to the evidence and the inferences which may be legitimately drawn therefrom.

4. The rules regulating the granting of new trials on the ground of newly discovered evidence are not inflexible and must, sometimes, bend to meet the ends of justice.

5. Where the evidence is doubtful as to the material element of the crime for which a defendant is prosecuted and counsel have used due diligence in the trial of the cause and the preparation of the defense and after the trial evidence is discovered which is material and had it been produced at the trial would probably have produced a different result a new trial should be granted on motion.

A Writ of Error to the Criminal Court of Record for Duval County; James M. Peeler, Judge.

Judgment reversed.

*Edgar W. Waybright,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. Mc-Intosh,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was convicted of the offense of having carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years, in violation of Chapter 8596, Laws of Florida, Acts of 1921, and brings error.

Counsel for the plaintiff in error contends that a new trial should have been granted because during the argument before the jury the County Solicitor said: "This case is not as serious to the defendant as it is to the little girl, because by a single stroke of the pen the Governor could grand a pardon." The court upon counsel's objection "instructed the County Solicitor that he had nothing to do with the question of pardon." The County Solicitor then said: "I cannot discuss a pardon to you gentlemen, but this case is not as serious to the defendant as counsel for the defendant would have the jury believe. I have not objected during the argument of counsel for the defendant, and it is the truth that hurts."

The record shows that defendant's counsel objected to the remarks of the County Solicitor, "which objection was overruled and exception noted." This incident is made the basis of the ninth assignment of error. There was no harmful error in this incident. The statement of the County Attorney, while irrelevant, and its correctness somewhat doubtful, at least subject to dispute, cannot be said to constitute an abuse of counsel's privilege in going far afield in what is called the argument. Besides the court admonished counsel that the matter of a pardon was for another tribunal, which seems to have been about all the court could do under the circumstances. Juries are composed of men of sound judgment and intelligence. At least so the law requires, and it is not to be presumed that they are led astray to wrongful verdicts by the impassioned eloquence and illogical pathos of counsel. The

matter is controllable by the trial court in its discretion. See Carter v. State, 68 Fla. 143, 66 South. Rep. 1000; Wilson v. State, 47 Fla. 118, 36 South. Rep. 580; Sylvester v. State, 46 Fla. 166, 35 South. Rep. 142; Putnal v. State, 56 Fla. 86, 47 South. Rep. 864.

It is generally understood that the expression by counsel in argument before the jury of personal opinion of guilt is not only bad form, but highly improper as counsel is not a witness, nor under oath to speak the truth, nor called as an expert to give his opinion. Adams v. State, 54 Fla. 1, 45 South. Rep. 494.

Any unfair advantage taken by counsel for the State is equally reprehensible; but it is extremely difficult to definitely state at what point the line should be drawn between what is doubtfully permissible and what is clearly wrong. Such matters probably should be left to the sense of fairness of the State's counsel and the trial court's discretion. What sometimes may seem to be an unfair advantage may to the court and jury be unnoticed, and appears serious to counsel only because of the assumed importance of the other's opinion when speaking in his capacity of State Attorney. The better practice as this court has often indicated is for counsel to confine their remarks to the evidence and the inferences which an imagination however rich it may be draws therefrom.

While we are unable to perceive the relevancy of the statement that the ''case was not as serious to the defendant'' as his counsel desired it to appear, nor what possible bearing the County Solicitor's patience during the argument could have upon the question of defendant's guilt, we cannot say that the court's refusal to sustain the objection was an abuse of discretion.

The tenth assignment of error which rests upon the court's refusal to grant a new trial upon the ground of

newly discovered evidence, we think is well taken. The evidence discovered was material to the issues both as to the chastity or previous good character of the prosecutrix and her age. It was not cumulative, and should produce upon another trial a different result if true. The defendant and his counsel used due diligence and discovered the evidence after the trial. See Herndon v. State, 73 Fla. 451, 74 South. Rep. 511; Dixon v. State, 77 Fla. 143, 80 South. Rep. 741; Howard v. State, 36 Fla. 21, 17 South. Rep. 84; Adams v. State, 55 Fla. 1, 46 South. Rep. 152.

In the last cited case the court speaking through Mr. Justice Hocker, expressed the view that while the general rules regulating the granting of new trials on the ground of newly discovered evidence should be adhered to, they are not inflexible and must sometimes bend in order to meet the ends of justice. And in this case the Court was of the opinion that in view of the unsatisfactory character of the evidence upon which the verdict was rendered and the offer of newly discovered evidence to throw light upon the question of guilt, the motion for a new trial should have been granted.

That language is of peculiar applicability to this case. The evidence is unsatisfactory both as to the age of the prosecutrix and her previous chaste character, which the newly discovered evidence if true will completely refute. In such case the ends of justice require that a new trial be granted.

The judgment is reversed and a new trial ordered.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.