## Herman Smith v. State.

158 So. 91.
Opinion Filed November 12, 1934.
Rehearing Denied December 26, 1934.

H. N. *Roth* and *J. F. Burrow,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—Writ of error is to review a judgment of conviction of murder in the first degree without recommendation as to mercy.

Plaintiff in error presents two questions in a general way. The first challenges the action of the trial court in overruling his motion for new trial. There was no error in that ruling. The motion is on general grounds and no error is pointed out in support of any ground of the motion.

The second question challenges the action of the trial court in not allowing him to amend his motion for new trial more than four days after judgment so as to include therein the ground of newly discovered evidence.

In extraordinary cases a motion for new trial may be amended after expiration of four days after rendition of the verdict and before hearing on the motion to correct flagrant error in the trial (Kirkland v. State, 70 Fla. 585, 70 Sou. 592) but in this case no such error appeared.

Plaintiff in error alleged the newly discovered evidence to be in the fact that his co-defendant, indicted with him, as to whom there was a severance and who had been acquitted after his conviction, would testify in his behalf if he was granted a new trial and stated his grounds thus:

"*Additional Ground* 1. That at the time of his said trial his co-defendant, Betty Casteel, had been granted a severance by your Honor; and that the trial of said Betty Casteel did not take place until after this trial, and until after he

had filed his motion for new trial herein. That at the time of his trial the said Betty Casteel refused in open court to testify therein, as was her right under the constitution of Florida.

"Defendant further states that subsequent to this trial and conviction, and subsequent to the filing of his motion for new trial herein, his said co-defendant, Betty Casteel, has been duly tried under the joint indictment against them, and duly acquitted, *and that the said Betty Casteel is now a compellable* witness for this defendant; and this defendant states that if a new trial *were granted him herein the said Betty Casteel would testify that for several hours preceding the time of the homicide charged in the indictment that this defendant was so drunk and intoxicated as to be bereft of his normal senses and faculties; and that he did not become voluntarily intoxicated for the purpose of "steeling" himself to commit the homicide complained of in fulfillment of a premeditated design or plan to effect the death of Jeneral M. Casteel.*

"Defendant further states that he was unable to prove this fact by any living person at the time of his trial herein; and that said testimony of the said Betty Casteel is the only available method for him to establish such fact; and that if said testimony were available at the time of his trial herein the same would necessarily have resulted in his conviction for no greater offense than that of murder in the second degree. Defendant states that said testimony is material and of vital importance to the preserving of his life, and he further states that Betty Casteel is now in the State of Florida and subject to the process of this Court, and will be available at the time of a new trial herein.

"*Additional Ground 2.* That at the time of this first trial herein Alice Casteel testified as a witness on behalf of the State, and *in the course of said testimony stated that this*

*defendant was not drunk or intoxicated on the evening of the date of the homicide charged in the indictment;* and that Alice Casteel remained *steadfast in the said testimony despite the cross examination to which she was subjected.*

"That on the trial of Betty Casteel under the joint indictment against the said Betty Casteel and this defendant in this cause *for the same* homicide, the *said Alice Casteel was again sworn as a witness on behalf of the State,* and in the course of her testimony on the trial of Betty Casteel did testify that this defendant *was so drunk and intoxicated on the evening of the date when the homicide occurred as to be bereft of his normal senses and faculties.*

"Defendant states that the testimony of Alice Casteel in connection with this matter on his trial amounted to perjury, and that the establishment of said testimony as perjured testimony did not and could not occur until after his trial herein, and after the filing of his motion for a new trial herein, and is only established by the testimony of said Alice Casteel on the trial of Betty Casteel which took place since the filing of his motion for a new trial herein.

"A copy of the transcript of the testimony of Alice Casteel in the case of State of Florida as plaintiff against Betty Casteel, lately pending at this term of this Honorable Court, is attached to and made a part of this petition, to the same extent as if fully set out herein in *haec verba.*

"Defendant states that if the said Alice Casteel had truthfully testified at his trial that he could not have been convicted under the law of any greater offense than that of murder in the second degree."

"Applications for new trials upon the ground of newly discovered evidence are looked upon with distrust and disfavor by the courts. Dixon v. State, 77 Fla. 143, 80 So. 741; Williams v. State, 53 Fla. 89, 43 So. 428; Gilbert v. State, 61 Fla. 25, 55 So. 464; Williams v. State, 68 Fla.

88, 66 So. 424; Mitchell v. State, 43 Fla. 584, 31 So. 242; Howard v. State, 36 Fla. 21, 17 So. 84; Branch v. State, 96 Fla. 307, 118 So. 13; Herndon v. State, 73 Fla. 451, 74 So. 511; Florida, etc., R. Co. v. Knowles, 68 Fla. 400, 67 So. 122.

"And such applications are granted only under the following restrictions: 1. The evidence must have been discovered since the former trial. 2. The party must have used due diligence to procure it on the former trial. 3. It must be material to the issue. 4. It must go to the merits of the cause and not merely to impeach the character of a witness. 5. It must not be merely cumulative. 6. It must be such as ought to procure on another trial an opposite result on the merits. Dixon v. State, 77 Fla. 143, 80 So. 741; Mitchell v. State, 43 Fla. 584, 31 So. 242; Howard v. State, 36 Fla. 21, 17 So. 84; Branch v. State, 96 Fla. 307, 118 So. 13; Herndon v. State, 73 Fla. 451, 74 So. 511; Florida, etc., R. Co. v. Knowles, 68 Fla. 400, 67 So. 122; Williams v. State, 83 Fla. 89, 43 So. 428; Gilbert v. State, 61 Fla. 25, 55 So. 464; Williams v. State, 68 Fla. 88, 66 So. 424. See Gaither v. Anderson, 73 Fla. 1190, 135 So. 840, 139 So. 587; Killingsworth v. State, 90 Fla. 299, 105 So. 834; Lock v. State, 94 Fla. 522, 114 So. 230." Ency. Digest of Fla. Rep., Vol. 10, page 228-229.

Not only must defendant show that he has a newly discovered witness but also that he proposes to prove newly discovered facts.

The proposed amendment bears on its face two fatal infirmities. First, if the fact of which defendant sought to have advantage of a new trial, to-wit: that he was intoxicated beyond the point of responsibility, existed at all, no one could have known of it more certainly than did the defendant. So to him it was no new fact at all. Second, he proposed to prove the fact by witnesses who could only

testify as to their respective opinions concerning the extent of the intoxication of the defendant and to merest conclusion as to whether or not such intoxication was voluntary or not.

The evidence establishes clearly that the defendant was guilty of a most cruel and unwarranted murder. The motive shown was to remove a husband from interference with defendant's relations with the victim's wife.

The record discloses no reversible error.

The judgment should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, ELLIS. and TERRELL, J J., concur.

DAVIS, C. J., and BROWN, J., dissent.

DAVIS, C. J. (dissenting).—I think the judgment should be reversed for consideration of the amendment to the motion for a new trial on its merits. This has never been done in this case because the trial judge refused to permit the amendment to be filed on the theory that he was without authority to do so, not on the theory that the amendment was without merit. See Kirkland v. State, 70 Fla. 585 for authority to permit such amendments.

BROWN, J., concurs.