. PEARSON, TILLMAN, Chief Judge
(dissenting).
• The conclusion which I have reached in this case is contrary to that reached by the majority. I must respectfully dissent and briefly declare my reasons.
Appellant-owner’s motion for new trial was on the basis of newly discovered evidence. At the trial the real estate appraisers for the State Road Department and the appraiser for the church used the cost approach in arriving at the amount of full compensation guaranteed to the church under the Constitution and laws of the State of Florida. The formula used by each appraiser was: the sum of the market value of the land taken as though unimproved, together with severance damage, if any, to the remaining property; plus the value which the landscaping and similar improvements contributed to the real estate; plus the depreciated reproduction cost new of the building; plus any special expenses allowable by law.
The largest single element of the formula was the depreciated reproduction cost new of the church buildings. Therefore, the completeness of the determination of what it would cost an owner to construct the buildings as though new was of paramount importance. The testimony of the appraisers for the State Road Department was in agreement that the architect’s fees should be included in the cost new of the church buildings. They used in their testimony of construction costs new to the owner, the estimate of a contractor. The State did not put the contractor on the stand nor did it introduce a written estimate into evidence. Upon cross-examination it was stated that the contractor’s estimate included architect’s fees and overhead costs such as a builder’s bond.
After verdict the owner discovered from the contractor whose estimate was used that the estimate did not include either architect’s fees or builder’s bond. The church promptly moved for a new trial upon the basis of this newly discovered evidence. The motion was denied and the owner appealed from the final judgment.
All are agreed that nothing less than full compensation will satisfy the law of Florida. Jacksonville Expressway Authority v. Henry G. Du Pree Co., Fla.1958, 108 So.2d 289, 69 A.L.R.2d 1445. I am of the view that appellant-owner’s motion met all the requirements of a good motion for new trial upon the grounds of newly discovered evidence. As set forth in Howard v. State, 36 Fla. 21, 17 So. 84, they are:
“(1) The evidence must have been discovered since the former trial; (2) the party must have used due diligence to procure it on the former trial; (3) it must be material to the issue; (4) it must go to the merits of the cause, and not merely to impeach the character of a witness; (5) it must not be merely cumulative; (6) it must be such as ought to produce on another trial an opposite result on the merits.”
It appears: (1) that the evidence was in fact discovered after the trial; (2) the owner could not by the use of diligence have discovered the error before or at the trial. In the latter connection it is clear that the erroneous testimony of the State’s witnesses barred the discovery at trial; (3) the evidence was material because it appears the jury might reasonably have been misled; (4) full compensation is the whole cause, and there was no possible evidence to impeach the misleading statements to the jury; (5) the evidence is not cumulative in that it does not tend to prove a point already proved and (6) we do not know that a new jury will include these costs but we may reasonably conclude that they will follow the law. The law of Florida provides: *361 “ ‘ * * * the owner shall be made whole so far as possible and practicable.’ ” Dade County v. Brigham, Fla.1950, 47 So.2d 602, 18 A.L.R.2d 1221. I would hold the architect’s fee and the builder’s bond as much a part of the cost of constructing a modern church building as the stones and mortar.
I would reverse.