334 So.2d 83 (1976)
Julius JAMES, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1634.
District Court of Appeal of Florida, Third District.
June 8, 1976.
*84 Phillip A. Hubbart, Public Defender, and Karen Gottlieb, Assistant Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., and Roy J. Kahn, Legal Intern, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant Julius "Juice" James appeals his conviction of possession and sale of heroin following a jury trial.
Defendant urges as error the denial of his motion for new trial on the alleged grounds of newly discovered evidence, and prejudicial remarks of the prosecution in closing argument. The second ground arises out of the following comment by the prosecutor:
"MR. McCOMB: You all know that there are four letter words in the English language that are offensive, are dirty words, I submit to you, there is a dirtier word than that. It's a six letter word and it's P-U-S-H-E-R, pusher. A pusher infests other individuals with his disease of heroin."
The law requires a new trial only in those cases in which it is reasonably evident that the statements made by prosecutors in closing argument were so inflammatory and abusive as to have influenced the jury to reach a more severe verdict of guilt than it would have otherwise done thereby depriving the accused of a fair trial. Darden v. State, Fla. 1976, 329 So.2d 287. The law also requires that juries be composed of persons of sound judgment and intelligence, and it will not be presumed that they are led astray to wrongful verdicts by the impassioned eloquence and illogical pathos of counsel. Tyson v. State, 87 Fla. 392, 100 So. 254 (1924); Paramore v. State, Fla. 1969, 229 So.2d 855. When the prosecutor makes a statement to which defense counsel objects, the trial judge, who is in a position of experience and intimacy with the case which cannot be duplicated by any other tribunal, determines whether the jury would be so prejudiced by the comment as to render a verdict different from one properly supported by the evidence and presentation of counsel. Wingate v. State, Fla.App. 1970, 232 So.2d 44.
The trial judge determined that the above remark of the prosecutor was not so inflammable and prejudical as to require a mistrial. We note from the record that the evidence of guilt was overwhelming and also, the prosecutor did not directly remark that defendant was a pusher and find no abuse on the part of the trial judge of the great latitude of discretion afforded him in granting or denying motions for new trial. Cf. Darden, supra, and Wingate, supra.
We also reviewed the denial of defendant's motion for new trial on the ground of newly discovered evidence and find no error has been made to appear. See Dames v. State, Fla.App. 1975, 314 So.2d 171.
Affirmed.
*85 PEARSON, Judge (concurring specially).
Although I concur in the decision reached in this case and agree with the majority that the evidence of guilt is overwhelming and that the questioned remarks do not transcend the confines of harmless error, nevertheless I believe that a caveat is necessary to express the view that in a different case, such a characterization of the defendant would be reversible error. The prejudice that arises in characterizing the defendant as a "pusher" stems from the fact that the word is popularly used to describe a person who, in order to secure new customers, induces non drug users into becoming drug users. Even if accorded its dictionary meaning as a "peddler of narcotics," the word describes a person who repeatedly sells hard drugs, a fact which, if true, is entirely outside this record.
As pointed out by Mr. Justice Sundberg, in his dissent in Darden v. State, Fla. 1976, 329 So.2d 287, 295, the rule must be that where an improper and possibly prejudicial remark is made to the jury by the State, the reviewing court must be satisfied beyond a reasonable doubt that the error did not contribute to the defendant's conviction.