PER CURIAM.
Defendant, Ben Botwinick, appeals his conviction for involuntary sexual battery, attempted murder, aggravated battery, burglary and petit larceny.
Botwinick first urges as reversible error the denial of his motion for mistrial on the ground that the prosecutor improperly commented upon his failure to testify violating his right against self-incrimination.
This complained of comment was made during defense counsel’s cross-examination of the victim:

“Q. You were able to see his double chin at the time of the assault. Is that right?
“A. Yes.
“MR. ROSENBLATT: With the Court’s permission, I would like for the Defendant to rise.
“MR. GRAVES: Well, Judge, if he calls him as a witness—
“MR. ROSENBLATT: I just want the defendant to go along the jury box.
“THE COURT: Yes, he can walk in front of the jury box.
“MR. GRAVES: Judge, I have a motion to make with reference to this.
“Q. [By Mr. Rosenblatt] Do you see a double chin on Mr. Botwinick here today?
“A. Not right now.
“MR. ROSENBLATT: I have no further questions.
“MR. GRAVES: May I cross examine the defendant, Your Honor! [Emphasis Supplied]
“THE COURT: No. sir.”

We find that to assert that the prosecutor’s request to the trial judge to cross-examine the defendant was construed by the jury as a comment on the accused’s failure to testify is nothing more than pure speculation or conjecture upon which reversible error cannot be predicated. See Sullivan v. State, 303 So.2d 632, 635 (Fla. 1974). In addition, we note that defense counsel requested a curative instruction and such an instruction on the right of a defendant not to testify was properly given by the judge to the jury. Thus, we find no abuse of discretion on the part of the trial judge in not declaring a mistrial based upon this comment. See Mabery v. State, 303 So.2d 369 (Fla.3d DCA 1974).
For his second point on appeal Botwinick contends that he was denied a fair trial by the prosecutor’s reference to the defendant’s violent character before he put his character in issue.
This alleged error occurred during the examination by the prosecutor of Detective Diaz, the lead investigator," when he was asked:
“Q. [By Mr. Graves]: Did you find anything in that truck that indicated or that was of probative value in relation to this Defendant having a violent character?”
Defense counsel immediately objected and the trial judge sustained the objection. In light of the fact that the objection was sustained and, therefore, no evidence as to Botwinick’s character was ever adduced, we remain unconvinced that he was so prejudiced by this question as to be denied a fair trial. See James v. State, 334 So.2d 83 (Fla.3d DCA 1976).
Affirmed.