## ROGERS *et al.* v. QUABNER *et al.*

No. 3144.   Opinion Filed December 20, 1913.

(137 Pac. 361.)

1.  **NEW TRIAL—Motion—Amendment.**  A motion for a new trial may be amended, after the three days allowed by the statute for filing the motion, by a clearer, more appropriate statement or elaboration of the grounds originally set up; but such an amendment, filed after the statutory time has expired, cannot set up new and independent grounds therefor.

2.  **APPEAL AND ERROR—Discretionary Ruling—Granting New Trial.**  The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in the decision of some clear and unmixed question of law, and that the order granting the new trial is based upon such erroneous view of the law.

(Syllabus by Brewer, C.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

Action by Maria Rogers against James Quabner and others. From an order granting a new trial, plaintiff and defendant Edwin A. Welty bring error. Affirmed.

*Robert J. Bone,* for plaintiffs in error.

*John F. Vaughan* and *J. G. Schofield,* for defendants in error.

Opinion by BREWER, C. This is an action brought by Maria Rogers, plaintiff below, for possession of certain lands, damages for their detention, that a deed be declared to be a mortgage, for the cancellation of a mortgage, and to quiet title. Edwin A. Welty was made a defendant in the court below as the holder and owner of an admitted mortgage. James Quabner, the principal defendant below, answered that he was the owner and original allottee of the lands; that he had never sold same to plaintiff; that deeds under which she claims to hold were forgeries, etc. Harlin, Wiley, and Hill were merely tenants of Quabner. Buell answered, asserting title, and denied that his deed from plaintiff was intended as a mortgage. Welty, as defendant below, set out his mortgage, averred a breach of its conditions, and prayed for judgment and foreclosure against plaintiff.

The case was tried by agreement of the parties to the court and without the intervention of a jury. Much evidence was introduced, and, after what seems to have been a somewhat prolonged and stormy trial, the court found in favor of the plaintiff Maria Rogers as to the ownership and right to the possession of the land; that the deeds from Quabner to her, under which she claimed, were not forgeries but were valid and subsisting; that the deed to Buell was in fact a mortgage; that Welty's mortgage was a valid and subsisting lien and should be foreclosed and the property sold to satisfy the same, etc. This finding and judgment was rendered on the 4th day of January, 1911. All of the defendants in the court below except Welty, who was satisfied with the decree, filed on January 5, 1911, their joint motion for a new trial, stating the following grounds therefor:

"(1) Irregularities in the proceedings of the court by which the parties were prevented from having a fair trial. (2) Misconduct of the prevailing party. (3) Accident and surprise which prudence could not guard against. (4) That the decision is not sustained by sufficient evidence and is contrary to law. (5) Error of law occurring at the trial and excepted to by the party making the application."

This motion for a new trial came up for hearing on April 6, 1911, and the consideration thereof was passed, on the court's own motion, until April 10, 1911.

On April 10, 1911, the defendants filed an amended motion for a new trial, setting up, in addition to some of the grounds in the former motion, that of newly discovered evidence, alleged to be material in the case, and which it is alleged could not have been produced with reasonable diligence at the trial. Also the ground that the court had erred in the admission of certain evidence specifically set out. This amended motion was supported by the affidavit of James Quabner, the principal defendant, and also affidavits of John King and Wesley Thompson, setting out the newly discovered evidence. The filing of this amended motion was objected to by the present plaintiffs in error, who also filed a motion to strike it from the files. The objection and the motion to strike were both overruled by the court, and the plaintiffs in error requested that the hearing thereof be continued to the end that they have an opportunity to examine the motion and affidavits and investigate the matters therein contained. The hearing on the motion was continued until the next day, but a further continuance thereof was denied by the court, and on the 11th day of April, 1911, the court sustained the motion for a new trial, and set aside and vacated the judgment as to all its parts, and granted a new trial of the cause. From this order granting a new trial the plaintiffs in error have appealed to this court on properly certified case-made.

The plaintiffs in error in their brief correctly apprehend, and as a matter of fact concede, that the only question involved in this appeal is as to whether or not the trial court abused the discretion, admittedly a large one, reposed in it by law.

It is true some point is made that the amended motion for a new trial should not have been permitted. As to all of the new matter brought into the amended motion, except that of newly discovered evidence, the point is well taken. Of course as to this exception it is not; as a motion for a new trial, upon the ground of newly discovered evidence, may be filed at any time within one year. Section 5033, Rev. Laws 1910. On the question of amendments to a motion for a new trial, in the case of *Rice et al. v. Folsom*, 32 Okla. 496, 122 Pac. 236, this court has announced the following rule:

"A motion for a new trial may be amended after the three days allowed by statute for filing the same by a clearer, more appropriate statement or elaboration of the grounds contained therein; but such an amendment, filed after the statutory time has passed, cannot set up new and independent grounds therefor."

However, after eliminating from consideration the improper matter alleged in the amended motion, there still remains a number of grounds for a new trial in addition to that of newly discovered evidence, properly before the court for consideration; and as the court has given no indication as to why he sustained the motion or of the reasons impelling him so to do, and as we have no means of determining the same, how can we say, in justice to the court who heard this involved and complicated case, some of the parties to which were ignorant and illiterate negroes, that he has abused the very wide and extensive discretion vested in the court, under the rules announced in more than a score of cases decided by this court? How can we say that no fatal errors of law had crept into this case, in its lengthy and tortuous passage, which the court may have become convinced of, and yet which we cannot easily perceive? This was not a jury trial; the court heard all the evidence, necessarily with attention, saw the parties, heard them testify, in fact was surrounded by what is sometimes termed "the atmosphere of the case"; and thereafter, when maturely considering the entire record and proceedings, something convinced the court that the ends of justice would be best subserved by giving the defendants another chance. We cannot therefore say, on this record, that the court has committed error regarding some clear and unmixed question of law; nor can we say that an abuse of discretion has been shown justifying a reversal of this case. The following, and many other decisions, might be referred to as sustaining the views herein expressed. *St. L. & S. F. R. Co. v. Wooten,* 37 Okla. 444, 132 Pac. 479; *St. Bank of Lawton v. Chattanooga St. Bank,* 23 Okla. 767, 101 Pac. 1118; *Davis v. Stilwell,* 32 Okla. 757, 124 Pac. 74; *Jamieson v. Classen Co.,* 33 Okla. 77, 124 Pac. 67; *Ardmore Lodge v. Dawson,* 33 Okla. 37, 124 Pac. 66; *Stapleton v. O'Hara,* 33 Okla. 79, 124 Pac. 55; *Chapman v.*

*Mason,* 30 Okla. 500, 120 Pac. 250; *National R. & B. Sup. Co. v. Elsing,* 29 Okla. 334, 116 Pac. 790; *Jacobs v. City of Perry,* 29 Okla. 743, 119 Pac. 243; *Exchange Bank v. Bailey,* 29 Okla. 246, 116 Pac. 812, 39 L. R. A. (N. S.) 1032; *Hobbs v. Smith,* 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697; *Duncan v. M. C. Coal Co.,* 27 Okla. 427, 112 Pac. 982.

The cause should be affirmed.

By the Court: It is so ordered.