ADA REED, Appellant, v. TOWN OF WELLSBURG, Appellee.

**NEW TRIAL:** Proceedings to Procure—Motion—Belated Amend-
1 ment—Harmless Error. Amendments to motion for new trial, setting up distinctly new grounds, filed after expiration of time limit, are not allowed. But error in allowing such amendment, followed by wholly disregarding the same on final ruling, is harmless. Section 3756, Code, 1897.

**NEW TRIAL:** Nature and Scope of Remedy—Discretion of Court—
2 Non-record Matters. Principle recognized that ofttimes non-record matters observed by the trial court during the trial may justify the ordering of a new trial—an order which the appellate court will overturn in *very* rare cases. Section 3755, Code, 1897.

*Appeal from Grundy District Court.*—FRANKLIN C. PLATT, Judge.

MONDAY, MARCH 12, 1917.

ACTION to recover damages for personal injury. Verdict for the plaintiff. Motion for a new trial by the defendant. New trial granted. Plaintiff appeals.—*Affirmed.*

*Bryson & Bryson,* for appellant.

*A. B. Lovejoy* and *Williamson & Willoughby,* for appellee.

GAYNOR, C. J.—This is an appeal from the action of the district court in granting a new trial. The action was brought to recover damages for alleged personal injury sustained by plaintiff as a result of a fall upon a sidewalk. The facts upon which she based her right to recover are that the defendant city negligently allowed snow and ice to accumulate upon and cover its sidewalk, rendering the same unsafe and dangerous for the use of persons passing or attempting to pass over it. On the 5th day of March, 1912, while she was attempting to use the walk in the usual and ordinary way, and exercising due care for her own safety, she was thrown violently upon the walk, and sustained a fracture of her left leg and a dislocation of her ankle. The condition of the sidewalk aforesaid was the proximate cause of her fall and the injuries resulting therefrom. These are the allegations of her petition.

1. NEW TRIAL: proceedings to procure: motion: belated amendment: harmless error.

The cause was tried to a jury and verdict returned for the plaintiff. This verdict was returned on the 12th day of December, 1913. On the request of the defendant, it was given 60 days in which to file a motion for a new trial, and on February 11, 1914, the defendant filed a motion alleging: (1) That the verdict is contrary to law; (2) that the verdict is contrary to the evidence; (3) that the verdict is contrary to the instructions of the court; (4) that the verdict does not have sufficient support in the evidence; (5) that the verdict is contrary to the weight of the evidence, so as to indicate that it is the result of passion and prejudice; (6) that the verdict is against the weight of the evidence; (7) that the court erred in admitting certain evidence offered by the plaintiff over the objection of the defendant; (8) that the court erred in refusing to admit certain evidence offered by the defendant; (9) that, on the whole record, plaintiff was not entitled to a verdict in her favor; (10) that the evidence of the plaintiff herself as

to how she fell, as to the manner in which the accident happened, shows conclusively that the accident could not have resulted from her slipping on the ice.

On the 3d day of September, 1914, the defendant filed an amendment to its motion for a new trial, alleging misconduct of counsel in argument to the jury. This amendment to the motion was supported by affidavits. The first complaint made is based upon an alleged error committed by the court in permitting the filing of this amendment at so late a date. We may say that that objection should have been sustained. The amendment injected an entirely new ground as a basis for a new trial. It was not filed within the time given defendant in which to file a motion for a new trial. In the interests of a speedy disposition of controversies before the court, the statute has wisely limited the time in which motions for a new trial shall be made by the losing party. It is the duty of the party to disclose then, or within the time given for the filing, the wealth of his complaint, and after the expiration of the time, he has no right to inject an entirely new ground as a basis for the relief asked. This rule is announced in *Dutton v. Seevers*, 89 Iowa. 302, in which it is said: ·

"Our statute provides that the application for a new trial 'must be made at the term and within three days after the verdict * * * is rendered, except for the cause of newly discovered evidence.' Code Section 2838. It was held in *Sowden v. Craig*, 20 Iowa 478, that under Revision Section 3114, which is substantially like Section 2838 of our present Code, a motion for a new trial, filed within three days, might be afterward amended, provided the amendment 'was germane and proper to the object and purpose of the original motion, and could not in any legitimate sense be regarded as a new motion.' Tested by this rule, was the amendment properly allowed? The grounds stated in the original motion, in substance, were that the

court erred in giving its instructions, in refusing those asked by the plaintiff, and in the admission and exclusion of certain evidence. The ground of the amendment upon which the court granted a new trial was that the court erred in failing to instruct the jury that the burden of proof to show that the maintenance of the child by Dutton was gratuitous, rested upon the defendant."

The court further said:

"The ground stated in the original motion, to which it is claimed the amendment is germane, is that the court erred in its instructions given. * * * The complaint in the amendment is that the court failed to instruct touching the burden of proof. That is clearly new matter, in no way related to the ground stated in the original motion. The amendment, so far as it related to a failure to instruct as to the burden of proof, was, in legal contemplation, a new motion, containing a ground for a new trial, not germane to those stated in the original motion, and hence the court should not have permitted it to be filed, and, if filed, it should not have been considered."

This rule is recognized in *Wiar v. Wabash R. Co.*, 162 Iowa 702, at 715. It follows, therefore, that the court erred in permitting the amendment to be filed, but no prejudice resulted unless the court considered it in granting the new trial. If the record affirmatively shows that the granting of the new trial was not based upon this ground, then no prejudice resulted from the action of the court in permitting it to be filed.

The original motion upon which defendant predicated its right to a new trial, and which was filed within the time granted, presents the thought to the court that the plaintiff, upon the evidence adduced, was not entitled to a verdict; that the verdict was the result of passion and prejudice. The court expressly refused to consider the amendment to the motion, charging misconduct of counsel as a basis for its

action, and said, in substance, that he did not hear the particular language charged to counsel in this amendment to the motion, and it was not objected to or preserved in the record, and said:

"I did not hear the remarks attributed to counsel, and I am of the opinion the bill of exceptions is too late, but I am also of the opinion that, in passing upon this motion, where one of the grounds is that the verdict is the result of passion and prejudice, I may take into consideration what I heard at the time of the trial in the argument of the case to the jury, and consider that in connection with all the other facts and circumstances that came to my attention, in determining whether the jury were influenced by passion and prejudice."

Though not fully expressed in the ruling of the court, we are satisfied that the motion was sustained on the ground that it was the opinion of the trial court—the man who sat and heard the witnesses, and saw the jury sitting before him in deliberation, and who heard at least a portion of the argument—that the verdict was not the result of a fair and dispassionate deliberation upon the record made, but that the jury were influenced by passion and prejudice in reaching the conclusion they did reach.

2. NEW TRIAL: nature and scope of remedy: discretion of court: non-record matters.

We might differ from the court on this question on an examination of the cold record before us, but this would not justify us in interfering. As has been frequently said by this court—and the saying is founded upon experience and observation—there is and ought to be a large discretion vested in the *nisi prius* court in respect to the granting of new trials—a sound judicial discretion, exercised in the spirit of fairness to all, and with a view to an ultimate attainment of proximate justice to the parties litigant. It has been frequently said that the trial court has an opportunity to observe the trial as it

proceeds step by step, an opportunity to observe the parties, their counsel, and the witnesses and the jury, that this court cannot and never has. Things occur upon the trial which come to the notice and knowledge of the trial judge that satisfy him, and perhaps rightly so, that a fair and impartial trial has not been had. These facts observed may not have been made a matter of record. They cannot always be made a matter of record, and yet they have sometimes a very pertinent and controlling influence upon the action of the trial judge. Of course, no judge has a right to interfere with the verdict of a jury through mere caprice or whim—no right to set aside a verdict sustained and fortified by such evidence as leaves no fair-minded man in doubt as to what the result should be. As bearing upon this question, see *Holland v. Kelly,* 149 Iowa 391; *Post v. City of Dubuque,* 158 Iowa 224; *Lentz v. City of Dubuque,* (Iowa) 159 N. W. 570 (not officially reported). In this last case, it is said:

"Even where the evidence in the case is conflicting, and there is a fair question for the jury, upon the whole record, as to which of the parties should prevail, yet we will not reverse the court for granting a new trial unless the record affirmatively shows that no reasonable, thinking mind, upon the whole record, could have reached a different conclusion than that embodied in the verdict. Even though we may be able to say, upon the whole record, that there was a fair question for the jury, upon the facts submitted, as to what the ultimate verdict ought to be, yet we will not reverse a court that, in the exercise of the large discretion that is given to *nisi prius* courts, has seen fit to differ with the jury upon the record, and, in differing, has ordered trial to another jury. Where there is a fair ground for difference as to what the result should have been upon the record, we bow to the judgment of *nisi prius* judge, for the reasons hereinbefore stated."

For the reason that a new trial has been ordered, we refrain from expressing any opinion upon the merits of the controversy. There is a conflict in the evidence, and the ultimate determination of the controversy must rest in the sound judgment of an unbiased and unprejudiced jury.

We cannot find, upon this record, that the court has abused its discretion in granting a new trial, and its action is therefore—*Affirmed.*

LADD, EVANS and SALINGER, JJ., concur.