J. Hermon McLear, Appellant, v. Joseph Balmat et al., Defendants, Northern Ore Company, Respondent, and Sylvia Lake Company, Inc., et al., Appellants.

(Submitted June 2, 1924; decided June 6, 1924.)

Motion for re-argument.   (See 238 N. Y. 568.)

*Per Curiam.*   Motion for re-argument.

The findings have been unanimously affirmed by the Appellate Division so that we must take the facts as stated in the decision of the trial court.   Twelve-thirteenths (12/13) interest of the property sought to be partitioned passed to the Northern Ore Company through the assignment and transfer of Pilling and Crane.   By finding LXXI it is stated that the Northern Ore Company is ready and willing to pay the balance of the purchase price of $9,500 at any time when a deed of conveyance is prepared in proper form and ready to be executed, and that it is ready and willing to pay the said balance upon being adjudicated the equitable owner in fee of the undivided twelve-thirteenths (12/13) part of the mineral rights other than talc covered by the leases outstanding and in effect theretofore made.

The ninth conclusion of law is to the effect that the Northern Ore Company is entitled to an interlocutory decree in partition adjudging it to be the legal and equitable owner in fee of the undivided twelve-thirteenths (12/13) part of the whole property sought to be partitioned herein, including all the talc, but subject to the leases in effect heretofore made.   The Northern Ore Company, however, must pay the balance, $9,500, as therein stated.

From these findings, it is apparent that the Northern Ore Company stands in the position of the original owners of the twelve-thirteenths (12/13) part and that partition may be had the same as if conveyance to Pilling and Crane and to the Northern Ore Company had never been made.   The interest of the Northern Ore Company and of the plaintiff are of a like nature and kind, and

permit of a partition of all the minerals which the parties own in common.   The findings of the court that the plaintiff and defendant, the Northern Ore Company, are entitled to the talc after the expiration of the leases heretofore made is binding on us.   Therefore, whatever property the plaintiff has in the minerals, the defendant, the Northern Ore Company, has the same with the exception that it has a twelve-thirteenths (12/13) interest while the plaintiff has a portion of a one-thirteenth (1/13) interest.   For this property which is adjudged to be in the Northern Ore Company by the findings and judgment, the Northern Ore Company must pay $9,500.

The judgment following upon this decision may be somewhat confusing.   We thought in deciding this case that it was quite apparent from the findings that the Northern Ore Company would take from the proceeds of sale a twelve-thirteenths (12/13) interest after it had perfected its title by the payment of the money, balance of the purchase price, as directed.

The judgment provides that the property sought to be partitioned, which is the minerals and mineral rights owned in common by all these parties, be sold at public auction, subject, however, to the lease executed to the American Talc Company, dated September 3, 1892, and also subject to the lease to the defendant Union Talc Company, dated October 15, 1910, now owned by the defendant, the International Pulp Company.   With these leases, no one finds any fault.   All the parties in interest are bound by them and the property must be sold subject to them as is directed by the judgment.   The judgment further provides, however, that the sale shall be subject to the option granted to Pilling and Crane, dated the 13th day of September, 1903, by the then owners of the twelve undivided thirteen parts of the whole property sought to be partitioned, which option has been assigned to and is now owned by the Northern Ore Company, " unless said option shall, before the sale herein, ripen into fee simple absolute title to said twelve-thirteenths (12/13) or seven hundred twenty seven hundred eightieth

(720/780) parts, in the defendant, Northern Ore Company, by the payment by said defendant, Northern Ore Co., of the balance of the purchase purchase price," etc.

Strictly speaking, the sale is not to be made subject to any such option. The findings are as above stated, that the Northern Ore Company is the legal owner of twelve of the thirteen parts, but has not yet paid the purchase price. The judgment, we take it, means, and we have so construed it, that the sale shall take place, subject only to the two leases above mentioned. Out of the proceeds the Northern Ore Company will have twelve-thirteenths (12/13) as owner, having paid, as it must do according to the decree, $9,500, the purchase price for said interest. In other words, we construed this judgment to mean that the sale was to take place subject to the rights of the Northern Ore Company to perfect its title to twelve-thirteenths (12/13) of the property, which rights upon the sale will be transferred and attach to the proceeds. Of course, the purchaser at the sale does not take the property subject to any rights of the Northern Ore Company or of Pilling and Crane. The rights of these parties are transferred to the proceeds. This, we think, is quite clear by reason of the findings referred to, and the judgment which has been made. We make these statements in view of the apparent misunderstanding of our previous affirmance of the judgment below. The purchaser of course takes subject to the two leases of the talc made, one in 1892 and the other in 1910, by which all parties are bound.

With this brief explanation of our understanding and interpretation of this judgment based upon the findings unanimously affirmed, we deny the motion for a re-argument, without costs.

All concur.

Motion denied.