J. HERMON McLEAR, Plaintiff, v. JOSEPH BALMAT and Others, Defendants.

Supreme Court, St. Lawrence County, May —, 1927.

Partition — confirmation of sale — judgment of sale not void because trial was had at place and time no Trial or Special Term of Supreme Court had been designated — parties waived objection by participation in trial — neither plaintiff nor defendants allied with him are entitled to costs where they failed on every issue litigated — defendants entitled to extra allowance — new trial not allowed where proposed evidence is irrelevant as to every issue litigated.

On this application for the confirmation of the sale in partition of certain mineral rights upon a tract of land located in St. Lawrence county for $80,000, the evidence warrants a finding that the defendant ore company is entitled to twenty-five twenty-sixths of the amount of the sale, or $76,923.10, with the remaining one twenty-sixth part, aggregating $3,076.90, divided equally between the defendant lake company and the defendant mining company.

The interlocutory judgment predicated on testimony taken, after an adjournment, at a trial at the Supreme Court chambers in Amsterdam is not void because the trial was had at a time and place when no Trial or Special Term of the Supreme Court was designated to be held, where no objection was taken to the procedure and all parties appeared and participated in the trial. A further claim that the judgment is void by reason of the fact that it was rendered by a justice of the Supreme Court after he had attained the age of seventy years, is without merit.

Neither the plaintiff nor any of the defendants allied with him is entitled to an award of costs, for, having failed of success on every issue, it would be inequitable to allow costs, practically all of which must come from the defendant ore company, which succeeded upon the trial. The defendant ore company should be allowed, in addition to a full bill of costs, an extra allowance of $1,500; an extra allowance of $500 also is made to other defendants not allied with plaintiff.

A motion for a new trial made by plaintiff and the defendants allied with him in this action, on the ground of newly-discovered evidence, must be denied, where in addition to a lack of diligence in applying for a new trial, the new evidence appears to be irrelevant as to every issue heretofore litigated.

MOTION for confirmation of sale in partition, for costs and an extra allowance, and for a new trial on the ground of newly-discovered evidence.

*McLear & McLear* [*James C. Dolan* and *Howard A. Sperry* of counsel], for the plaintiff and for the defendants, Sylvia Lake Co., Inc., and others.

*Purcell, Cullen & Pitcher* [*Francis E. Cullen* of counsel], for Northern Ore Company.

*George E. Van Kennen,* for International Pulp Company and Union Talc Company.

HEFFERNAN, J. There are two motions in this action for consideration:

(1) The defendant Northern Ore Company has made application for final judgment, for a confirmation of the sale in partition, for costs and an extra allowance. The defendants International Pulp Company and Union Talc Company have joined in this motion to the extent of asking for an additional allowance. That motion is opposed on various grounds by the defendants Sylvia Lake Co., Inc., Dominion Company of New York, Green Hill Mining Company, Inc., Dallas M. Hazelton and the plaintiff J. Hermon McLear. The defendants opposing the application for confirmation and the plaintiff take the position that if the motion is granted in that event the plaintiff is entitled to a bill of costs and an additional allowance of $2,000, and that an extra allowance of $2,000 should also be awarded to such contesting defendants to be divided among them in accordance with the proportion of the title of the property held by them as provided by the interlocutory judgment granted on the 21st day of April, 1923.

(2) A motion by the plaintiff and by the defendants Sylvia Lake Co., Inc., Dominion Company of New York, Green Hill Mining Company, Inc., and Dallas M. Hazelton for a new trial of this action upon the grounds of newly-discovered evidence and for other reasons. These motions will be considered in their order.

This action has had a rather colorful career and is almost as venerable in this judicial district as the interminable legendary cause in chancery of *Jarndyce* v. *Jarndyce*. The action was begun for the purpose of partitioning certain mineral rights upon a tract of land consisting of about 160 acres located in the town of Fowler, St. Lawrence county. The ownership of the soil is not involved. John D. Balmat was the owner of the real property in question. He died in the year 1862, leaving a will by the provisions of which he devised and bequeathed these premises to his wife and thirteen children. At the time of Balmat's death the farm was subject to a lien of a mortgage. Subsequently the mortgage was foreclosed and the property purchased by one Anthony. Thereafter Anthony conveyed the property to David H. Balmat, one of the thirteen children of John D. Balmat. Later David H. Balmat conveyed the same premises to Isaac Balmat, reserving all mines, ores, minerals, talc, talcous rock, asbestos, marble and soapstone with the right to go on, search for, mine, dig, quarry, raise and carry away the same. On October 15, 1890, David H. Balmat executed and delivered a lease of the talc and soapstone on the farm to the St. Lawrence Mineral Lands Company with the right to remove the same at a fixed royalty during the term of twenty years beginning

October 15, 1890, and ending October 15, 1910. This lease was subsequently assigned to the defendant International Pulp Company. On September 3, 1892, David H. Balmat executed and delivered a further lease of the talc and soapstone with the right to remove the same to the American Talc Company. This lease was for a further period of twenty years beginning October 15, 1910, and ending October 15, 1930. This latter lease was by mesne assignments duly transferred to the defendant International Pulp Company. In February, 1903, in an action in the Supreme Court, St. Lawrence county, it was adjudged and decreed that David H. Balmat held the title to all the reserved mines, ores, minerals, talc, talcous rock, asbestos, marble and soapstone as trustee for the benefit of the heirs and successors in interest of the children of John D. Balmat and had so held the title since April 2, 1886. On October 15, 1910, the heirs at law of John D. Balmat executed and delivered to the Union Talc Company a mineral lease by which they granted and conveyed to that company the talc and soapstone with the right to dig, quarry and mine the same for a period of twenty years from October 15, 1910. This lease covered the same premises and extended for the same period as the prior lease made by David H. Balmat on September 3, 1892. There was no substantial difference in the covenants in these two instruments, the latter being in effect a modification of and a substitute for the prior lease. For the purposes of this motion the defendants International Pulp Company and Union Talc Company may be regarded as one party not only because of identity of control but because the former is adjudged in the judgment to be the owner of the lease or profit granted to the latter. These defendants have no interest in the fee of the mineral rights and were named as parties to the action because of their leases. These leases, however, were not attacked by the defendant Northern Ore Company but their validity was challenged by the plaintiff and by the defendants who are opposing the confirmation of sale. The controversy as to the validity of these leases, while litigated in the partition suit, is entirely separate and distinct from that action.

In September, 1903, the firm of Pilling & Crane entered into an agreement with the heirs of John D. Balmat and their successors in interest, representing twelve-thirteenths of the mineral rights, by which these heirs and successors granted to that concern the right to dig and remove from the mineral reservation all ores, minerals and metals except talc, talcous rock and soapstone or other similar substances covered by outstanding leases then in effect, for the period of twenty-five years from that date, on payment of certain royalties. The lease also contained an option to buy

the mineral rights covered for $10,000. The interest of Pilling & Crane in the lease and option was later assigned to the defendant Northern Ore Company and the latter exercised its rights under the option and tendered the purchase price which was declined. The defendant Northern Ore Company has also acquired one-half of the remaining one-thirteenth interest in these rights, and the remaining one-half was acquired by the Sylvia Lake Co., Inc., and the Green Hill Mining Company, Inc., each acquiring a one-fifty-second interestt herein. The real controversy has been the validity of that lease and option.

The action was first tried before Mr. Justice Van Kirk at the St. Lawrence Trial Term in January, 1920. An appeal was taken to the Appellate Division from the judgment rendered by him and the judgment appealed from was reversed (194 App. Div. 827). Apparently no appeal was taken from the judgment of reversal. An appeal, however, was taken from the order of the Appellate Division which granted to the defendant Northern Ore Company certain relief. That order was affirmed by the Court of Appeals (231 N. Y. 548). The Appellate Division in its order of reversal granted a new trial and this was had before Mr. Justice Borst in January, 1922. The judgment rendered by Mr. Justice Borst was modified and affirmed by the Appellate Division (207 App. Div. 870). Thereafter the decision of the Appellate Division was affirmed by the Court of Appeals (238 N. Y. 568). Then three successive motions for reargument were denied by the Court of Appeals (238 N. Y. 614; 239 id. 540; 242 id. 580).

On December 27, 1924, the original interlocutory judgment in partition was modified. No appeal has been taken from that judgment. The modified interlocutory judgment has determined the interests of the parties in the mineral rights to be as follows: Defendant Northern Ore Company seven hundred and fifty seven hundred and eightieths; defendant Sylvia Lake Co., Inc., fifteen seven hundred and eightieths; defendant Green Hill Mining Company fifteen seven hundred and eightieths.

Pursuant to the provisions of the interlocutory judgment the premises in question were sold by a referee on the 18th day of January, 1927, and bid in by defendant Northern Ore Company for the sum of $80,000. The defendant Northern Ore Company is entitled to twenty-five twenty-sixths of that amount or $76,923.10. The remaining one twenty-sixth part thereof, amounting to $3,076.90, is divisible equally between the defendants Sylvia Lake Co., Inc., and Green Hill Mining Company, Inc., each being entitled to $1,538.45.

I am satisfied that the application of the defendant Northern Ore Company for a confirmation of the referee's report and for

final judgment should be granted. Practically every objection made thereto has been raised and decided adversely to the plaintiff and the allied defendants heretofore. The contention that the interlocutory judgment of April, 1923, is void because the trial was concluded at a time and place where no Trial or Special Term of the Supreme Court was appointed to be held is without merit. This action was on the calendar for trial at the St. Lawrence Trial Term of January 21, 1922. After several witnesses had been sworn and after the jury was discharged for the term, further consideration of the case was deferred until the 31st day of January, 1922, at the Supreme Court chambers in the city of Amsterdam, to which time and place the trial was adjourned. Not only was no objection taken to that procedure but all the parties appeared before Mr. Justice Borst at Amsterdam and participated in the trial. The plaintiff and the defendants who now oppose confirmation not only participated in the trial but they reviewed that judgment by an appeal to the Appellate Division, by a further appeal to the Court of Appeals and by making three separate and distinct motions for reargument in the latter court. They remained silent until after the sale of the property with full knowledge of the fact that no written stipulation was entered into consenting to a trial of the cause at Amsterdam. To permit them now to raise that question as an insuperable objection to this judgment would be to make a mockery of legal proceedings. By going to trial without protest they waived that objection. No court should listen to their complaint in that respect at this late date.

The claim that the judgment is void because rendered by a justice of this court after he attained the age of seventy years has already been disposed of by the Court of Appeals in *Sylvia Lake Co., Inc.,* v. *Northern Ore Company* (242 N. Y. 144).

All parties apparently concede that this action is difficult and extraordinary. Irrespective of that, however, the action being one for the partition of real property, the court, in its discretion, may grant an extra allowance. The defendant Northern Ore Company asks for an award of an extra allowance against the plaintiff, the defendants Sylvia Lake Co., Inc., Dominion Company of New York, Green Hill Mining Company and Dallas M. Hazelton under the provisions of section 1060 of the Civil Practice Act. The defendants represented by Mr. Van Kennen are asking for an extra allowance without regard to the fact whether it comes out of the proceeds of sale or is chargeable against particular parties. It is obvious that if an extra allowance is granted payable out of the fund, twenty-five twenty-sixths of it must be borne by the defendant Northern Ore Company. That defendant has succeeded on all the issues which

were raised against it. Certainly it should not be penalized because it has gained the victory. To make an award of costs to defendant Northern Ore Company and then direct that those costs be chargeable to the fund is but another way of saying that its application for costs should be denied. I am convinced that the defendants Northern Ore Company, International Pulp Company and Union Talc Company are entitled to an extra allowance, the latter two defendants, however, to be regarded as one for that purpose. I do not agree, however, with counsel for the International Pulp Company and the Union Talc Company that the allowance should be divided equally between him and the counsel for defendant Northern Ore Company. By stipulation dated July 23, 1923, the plaintiff and defendants allied with it on this motion consented that the interlocutory judgment of April 23, 1923, in so far as it affected the rights and interests of defendants International Pulp Company and Union Talc Company should be affirmed. Consequently these two defendants have been practically out of this litigation prior to the argument on the second appeal to the Appellate Division of the Supreme Court. Since that time the defendant Northern Ore Company has had to bear the burden. Then, too, the first judgment of the Appellate Division gave to defendants International Pulp Company and Union Talc Company costs payable out of the fund. Neither the plaintiff nor any of the defendants allied with him is entitled to an award of costs. They have not succeeded on any issue and it would be most inequitable to allow them costs, practically all of which must come from the funds of the defendant Northern Ore Company.

I have concluded to allow defendant Northern Ore Company and International Pulp Company and Union Talc Company an extra allowance of costs of $2,000, $1,500 of which shall be payable to counsel for the defendant Northern Ore Company and the remaining $500 to counsel for the defendants International Pulp Company and Union Talc Company. The defendant Northern Ore Company is also entitled to have its bill of costs submitted on this motion taxed and allowed. The costs and extra allowance shall be apportioned equally against the plaintiff and the defendants Sylvia Lake Co., Inc., Green Hill Mining Company, Inc., Dominion Company of New York and Dallas M. Hazelton, each to pay a one-fifth part thereof. The costs chargeable against the defendants Sylvia Lake Co., Inc., and Green Hill Mining Company, Inc., shall be paid by the referee out of their shares in the proceeds of the sale. The defendants to whom costs are allowed shall be entitled to judgment against the plaintiff and the other defendants named for the balance of such costs.

So far as the application for a new trial is concerned, it is the claim of the plaintiff and the defendants allied with him that prior to the execution of the lease and option dated September 13, 1903, now held by defendant Northern Ore Company, certain conversations were had between one Williams, representing the lessees and optionees, with certain of the lessors and optionors as to what their intention was with reference to such contract, and the suggested exclusion of talc and similar substances. Neither in the pleadings nor on the argument was there any claim made as to the existence of fraud in the execution of the lease and option. It is contended, however, that the proposed new evidence is to explain a latent ambiguity in the language of the instrument in question. The judgments rendered heretofore have held that all the talc was included by the language of the contract but that the contract was subject to the talc leases held by the International Pulp Company. Apparently throughout the entire litigation all these parties have insisted that the instrument was clear and unambiguous and that the only question with reference thereto was one of interpretation, and that the lease and option were void because not signed by all the cotenants. These were the sole issues made and on these issues the trial court, the Appellate Division and the Court of Appeals have spoken. It is now too late to introduce new issues. I am also satisfied that the alleged new evidence is not relevant to any issue litigated. Then, too, the moving parties became possessed of the information upon which they now seek a new trial upon the 18th day of March, 1925. It is all contained in the affidavit of Thomas M. Williams verified on that date. Even if their contention possessed merit, they should have acted promptly. Instead, they relied on other grounds to upset the judgment and now, having failed, they make this belated claim. The application should be denied, with costs.

Orders may be submitted in accordance with these views.