MARION LEWELLEN, Appellee, v. ROY HAYNES, Appellant.

No. 41338.

OCTOBER 25, 1932.

S. E. Prall, Watson & Watson, and Charles D. Van Werden, for appellee.

Walter L. Stewart and Percival & Wilkinson, for appellant.

EVANS, J.—The accident involved herein occurred about 11:00 P. M. on the night of August 3, 1930. It occurred upon a narrow bridge, which was not intended for the passage thereon of two vehicles. Notices were posted thereon by the public authorities: "One-way bridge." The bridge was approximately 236 feet long. The width varied from 13½ feet to 15 feet 5 inches. The plaintiff was driving an automobile occupied by six persons. The defendant was driving a 3500-pound truck loaded with two tons of ice. The width of the automobile was 5 feet 5 inches and that of the truck was 7 feet. The plaintiff was driving northerly and the defendant driving southerly. The parties met upon the bridge and brushed

past each other. The contact resulted in the demolishment of the left side of plaintiff's automobile and in serious injury to plaintiff. The evidence was in conflict at nearly all points. For the plaintiff it appeared that the collision occurred at a point 13 to 20 feet north of the center of the bridge. For the defendant it appeared that the collision occurred at a point about 68 feet from the south end of the bridge. For the plaintiff it appeared that he was first upon the bridge; and for the defendant that he himself was first upon the bridge. The charge of negligence in plaintiff's petition was split into several specifications such as excessive speed, failure to stop, failure to control, etc. The appellant argues his case here largely upon the merits of his defense, and contends that it was an abuse of discretion upon the part of the court to grant the new trial. So far as material for our consideration, the order of the district court sustaining the motion for a new trial was as follows:

"I have felt all the time that the result of the trial was wrong, * * * I do feel that the court erred in its submission of negligence charged; the allegations of negligence were not very clearly and distinctly made in the petition, and in an effort to boil them down I feel that they were not made as full and as many of the charges made submitted to the jury as should have been. The motion for new trial is therefore sustained, and the defendant excepts."

It will be seen from the foregoing that the order was quite general and without direct reference to specific rulings. From an inspection of the record, it does appear that the instructions wholly ignored the question of speed of defendant's truck, as pleaded by the plaintiff. It is urged by the defendant, however, that the speed of the defendant could not have been the proximate cause of the collision and was therefore not material. We think the question of speed had its importance in the case. As indicated, the bridge was very narrow. It may be true that the two vehicles could have passed within such width with very careful driving. They did not meet "head-on." The defendant's truck passed over the bridge to its southern end. The plaintiff claims to have brought his car to a stop, or near stop, before his contact with the defendant. The damage was done by the "brushing." If the parties had crowded closer to the outer railings, they might have been able to pass each other without injury. Fast driving would not be conducive to such a feat.

██ We deem it sufficient to say that the ruling of the court was within its proper discretion. The discretion of the trial court to order a new trial is greater than that of the appellate court. Abuse of discretion is not apparent upon this record. Rupp v. Kohn, 210 Iowa 969; Woodbury Co. v. Dougherty & Bryant, 161 Iowa 571; Reed v. Wellsberg, 179 Iowa 593. It is not appropriate for us to anticipate the merits of the case as they may be finally found.

The order appealed from is accordingly affirmed.—Affirmed.

STEVENS, C. J., and FAVILLE, KINDIG, WAGNER, and BLISS, JJ., concur.