Walker Fertilizer Company, for itself and for the use and benefit of Rosa Walker, widow of Willie Walker, deceased, v. William Cole, et al.

197 So. 777

En Banc

Opinion Filed April 26, 1940

Rehearing Granted, Division A, June 11, 1940

On Rehearing, En Banc, July 23, 1940

Further Rehearing Denied October 4, 1940

*J. Henson Markham, Osborne, Copp & Markham,* and *Maguire, Voorhis & Wells,* for Plaintiff in Error;

*E. W. & R. C. Davis* and *Evans, Mershon & Sawyer,* for Defendants in Error.

THOMAS, J.—The plaintiff in error, as plaintiff in the circuit court, recovered by a verdict against the defendants for the wrongful death of Willie Walker at the conclusion of a trial of issues formed by the second count of the declaration and defendants' three pleas.

Substance of the initial pleading was that Walker, while employed by the fertilizer company, received injuries because of the careless operation of an automobile, owned by Mary E. Cole and driven by her husband, which struck the rear end of the company's truck, as it was parked on a highway, forcing the truck over Walker, who stood in its path. It was alleged that the widow of the victim received compensation under the Workmen's Compensation Act and that the action was authorized under that law.

There were two pleas of contributory negligence and one of not guilty.

Under the first plea there was a denial of the wrongful act and not of statements in the inducement and no other defense was introducible under it. Johnson v. Florida Brewing Co., 90 Fla. 148, 105 South. Rep. 319 (Rule 32).

Within the time allotted for the purpose the defendants filed their motion for new trial, which contained the usual formal grounds and others referring to certain charges given to the jury. About forty-five days after the rendition of the verdict they sought permission of the court to amend the motion for new trial in a verified petition, substantiated by affidavits, setting forth that it had been learned since the trial that the widow of Willie Walker

had a living husband to whom she was married before her union with Walker and from whom she had not been divorced. The amendment was filed.

Again, seventy days after the verdict, another petition was presented asking leave to amend further the motion for new trial because of newly discovered evidence.

After the last application was lodged the judge rendered his order allowing the amendments to be filed, setting aside the verdict, vacating the judgment which had been entered and granting a new trial.

Reasons given for allowing the new trial were that the verdict was "contrary to the law and * * * evidence" and that the "plaintiff * * * was not the lawful wife of * * * Willie Walker * * *."

The record reveals that there was a sharp conflict in the testimony of those persons who supported the plaintiff's theory of the case and the story of defendants' witnesses, however, there was sufficient basis for the jury's conclusion favoring a recovery. We have found no reason for upsetting the judgment because of its clashing with any particular principle of law ruled on by the court up to the time the amendments were offered to the motion for new trial and so our observations will be confined to them, especially in view of the recital in the court's order referring to the marital status of the so-called "use plaintiff."

It will be recalled that this aspect of the case was injected after the time had elapsed for filing the motion for a new trial. It cannot be gainsaid that newly discovered evidence may be a reason for granting a retrial although it must fall within certain bounds enumerated in Dixon v. State, 77 Fla. 143, 80 South. Rep. 741, one of them being that such evidence must be relevant to an issue in the case.

We think the court should assume a generous attitude in allowing amendments so that the true facts bay. be bared

and a just decision reached, but the real question here is whether that generosity was extended too far by the learned trial judge. In other words, should an amendment to a motion for new trial be allowed when the time has expired to file an original motion and the newly discovered evidence is irrelevant to the grounds already given and can shed no light on the dispute unless a new issue is formed by additional pleadings?

We incline to the view adopted in other jurisdictions that an amendment after expiration of the time for the original motion should be relevant to the grounds already presented and that the discretion given the trial court to allow amendments should not be expanded to permit inclusion in the proposed supplementary motion of new and different bases for another trial (Sorsby v. Wilkerson, 206 Ala. 190, 89 South. Rep. 657; Reed v. Incorporated Town of Wellsburg, 179 Iowa 593, 161 N. W. Rep. 660) as was attempted in this case by introduction of the question whether the so-called use plaintiff was or was not the lawful wife of the accident victim, an issue neither raised by the plea of not guilty nor offered by the affirmative pleas of contributory negligence. See Mundee v. Freeman, 23 Fla. 529, 3 Sou. 153.

We, therefore, decide that grounds independent of those already stated cannot be incorporated in the motion under the guise of an amendment (Rogers v. Quabner, 41 Okl. 107, 137 Pac. Rep. 361) after the time for filing the original motion has expired and, further, that a new issue cannot be so injected and the testimony relevant to it consequently relied upon as newly discovered. McLear v. Balmat, 129 Misc. Rep. 805, 223 N. Y. S. 76, Walker v. Garland (Tex. Civ. App.), 220 S. W. Rep. 399. Such a conclusion is in harmony with Dixon v. State, *supra*.

Consideration of the controverted points of the litigation

has been almost entirely devoted to the matter of the domestic status of the plaintiff Rosa Walker, and we have given scant attention herein to other testimony referred to as newly discovered because it appeared on examination of the record to be duly cumulative.

We think it would not be amiss to remark upon the excellent manner in which counsel for both parties have presented this case. A record of nearly six hundred pages was compressed to briefs aggregating ninety pages in which appeared on the part of each litigant a comprehensive summary of the evidence and digest of the law. The clear and concise treatment of fact and law has greatly facilitated our study of the controversy and decision of the question presented.

The order granting motion for new trial is reversed with directions to enter a judgment to conform to the verdict rendered by the jury, unless a motion in arrest of judgment, or for judgment *non obstante veredicto,* shall be made to prevail.

So ordered.

TERRELL, C. J., WHITFIELD and CHAPMAN, J. J., concur.

BUFORD, J., dissents.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BUFORD, J. (dissenting).—After our opinion and judgment was filed herein on April 26, 1940, in which we said:

"We think the court should assume a generous attitude in allowing amendments so that the true facts may be bared and a just decision reached, but the real question here is whether that generosity was extended too far by the learned trial judge. In other words, should an amendment to a motion for new trial be allowed when the time has expired

to file an original motion and the newly discovered evidence is·irrelevant to the grounds already given and can shed no light on the dispute unless a new issue is formed by additional pleadings?

"We incline to the view adopted in other jurisdictions that an amendment after expiration of the time for the original motion should be relevant to the grounds already presented and that the discretion given the trial court to allow amendments should not be expanded to permit inclusion, in the proposed supplementary motion, of new and different bases for another trial (Sorsby v. Wilkerson, 206 Ala. 190, 89 South. Rep. 657; Reed v. Incorporated Town of Wellsburg, 179 Iowa 593, 161 N. W. 660) as was attempted in this case by introduction of the question whether the so-called use plaintiff was or was not the lawful wife of the accident victim, an issue neither raised by the plea of not guilty nor offered by the affirmative pleas of contributory negligence.

"We, therefore, decide that grounds independent of those already stated cannot be incorporated in the motion under the guise of an amendment (Rogers v. Quabner, 41 Okl. 107, 137 Pac. 361) after the time for filing the original motion has expired and, further, that a new issue cannot be so injected and the testimony relevant to it consequently relied upon as newly discovered. McLear v. Balmat, 129 Misc. Rep. 805, 223 N. Y. S. 76, Walker v. Gardland (Tex. Civ. App.) 220 S. W. Rep. 399. Such a conclusion is in harmony with Dixon v. State, *supra.*"—we, on June 11th, 1940, granted rehearing on one question, viz.:

"Whether or not the trial court abused its discretion in allowing defendant to amend its motion for new trial in the manner and at the time of the original motion for new trial is shown to have amended and as amended and granted.'

Briefs have been filed pursuant to that order.

Plaintiff brought this suit in the court below alleging that she was the widow of the deceased. Upon the truth of this fact rested her legal right to maintain the action and without the existence of such status the court had no jurisdiction to enter judgment in her favor. If the plaintiff was not the widow of deceased that fact was necessarily known to her and her contrary allegation was a fraud on the court resulting in the procurement of a judgment.

If the allegations of the motion for new trial in this regard are true, then the judgment rests on extrinsic fraud.

Motions to vacate a judgment on the ground of extrinsic fraud in the procurement of such judgments may be entertained and acted upon at any time.

A case directly in point and one which we find well reasoned and reflecting much care and research in its preparation is that of Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 Sou. 574, 49 A. L. R. 1206. In that case we find the following:

"John Hughley, an employee of complainant, was killed by accident under conditions entitling a lawful wife, as a legal dependent, to compensation under the Workmen's Compensation Law (Laws 1919, p. 206). Thereafter, the respondent, 'Mary Belle Bolden alias Mary Belle Hughley,' filed her petition in the circuit court claiming compensation as the dependent wife of the deceased employee. On the hearing the petitioner and a witness for her testified in open court that she was lawfully married to the deceased about six years prior to his death and was living with him as his wife at the time of his death. Thereupon a judgment was rendered against complainant awarding compensation. About six months after this judgment was rendered complainant discovered it had been procured by fraud and misrepresenta-

tion in that petitioner was never married to the deceased and was not living with him at the time of his death and the testimony to these facts was false and fraudulent. It is averred that the testimony was not known to the complainant to be false at the time of the trial, and that due diligence was used to ascertain all the facts pertaining thereto. The exhibit shows the proceeding for compensation was in the name of 'Mary Belle Hughley.' "

And further in the opinion:

"Perjury or false swearing in the course of litigation is not *per se* a ground of equitable interference with judgments at law. One reason of the rule is that ordinarily the opposing party has knowledge of the falsity of the testimony, or has reason to expect any testimony which will prove the cause of his adversary. The truth of the case is the very issue to be determined in the trial at law. The more insistent reason is that it would tend to throw into the court of equity all cases where an issue of veracity has arisen in the trial at law, burden the equity court with the retrial of issues which were or should have been settled at law, and impair the dignity and binding force of judgments of courts of co-ordinate jurisdiction. It is well said that injustice is better tolerated in an occasional case than the general injustice, uncertainty, delay, and expense which would otherwise result.

"But where the jurisdiction of the court of law is acquired by the fraudulent concoction of a simulated cause of action, the fraud itself to be consummated through the instrumentality of a court of justice, the protection of the court demands that there should be a remedy. We can conceive of no worse reflection upon a judicial system, no lowering of its dignity and of the respect due to its findings more regrettable than that the tribunal of justice may become an

impotent agency of fraud against those who look to it for protection and who are free from fault or neglect in the premises. A court of equity becomes the friend of the court of law in relieving against such results. That the fraudulent scheme contemplated perjury and was consummated thereby does not lessen the call to jurisdiction of a court of equity."

In this case there was a strong dissenting opinion, which shows that the conclusions were carefully considered.

In Alabama Hotel Co. v. Mott Iron Works, 86 Fla. 608, 98 Sou. 825, it is said:

"With respect to the authority of a court over its orders, judgments, etc., the rule of the common law was in effect that a court of record had absolute control over its own orders, decrees, etc., and could vacate or amend them any time during the term at which they were made. The Supreme Court of the United States in Bronson v. Schulton, 104 U. S. 410, has very concisely stated the rule in this country to be as follows: 'It is a general rule of law that all the judgments, decrees, or other orders of the courts, however, conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record and they may then be set aside, vacated, modified or annulled by that court. But it is a rule equally well established that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them; and if errors exist, they can only be corrected by such proceeding by a writ of error or appeal as may be allowed in a court which by law can review the decision.'

"It is also well settled that interlocutory judgments or decrees made in the progress of a cause are always under

the control of the court until final disposition of the suit and they may be modified or rescinded upon sufficient grounds shown any time before final judgment should it be after the term in which made. Blythe v. Hinckley, 84 Fed. Rep. 228; Miller v. Justice, 86 N. C. 26; State v. King, 45 La. Ann. 163, 15 South. Rep. 283; 15 R. C. L. 692; Webb v. Buckelew, 82 N. Y. 555.

"Orders, decree or judgments made through fraud, collusion, deceit or mistake may be opened, vacated or modified at any time on the proper showing made by the parties injured. Taylor v. Sindall, 34 Md. 38; Mayberry v. McClurg, 51 Mo. 256; 1 Black on Judgments 489; 15 R. C. L. 704.

"A motion to vacate or set aside a judgment or decree is addressed to the sound legal discretion of the trial court on the particular facts of the case. And consequently its determination will not be disturbed on appeal unless it is plain that its discretion has been abused."

In Hockenberry v. Cooper County State Bank, 338 Mo. 31, 88 S. W. (2nd) 1031, it is held:

"A judgment cannot be set aside for fraud unless fraud was practiced in act of obtaining judgment, went to manner in which judgment was procured, rather than matters pertaining to judgments, prevented unsuccessful party from presenting his case or defense, or went to extrinsic or collateral acts or matters not before court."

In Sawyer v. Gustason, et al., 96 Fla. 6, 118 Sou. 57, we said:

"Want of judicial power as to a particular subject of action renders the relief granted to the complainant open to challenge as being void. 1 Black on Judgments, 2nd ed. 242. Malone v. Meres, 109 So. R. 677, 91 Fla. 709, 12th and 13th headnotes. But, such a decree, valid on its face, and not shown to be void by the record in the case, must

be accorded full force and effect until properly set side. It was, therefore, not legally void, but voidable and subject to annullment on proper attack, as its nullity could only be established by matter *dehors* the record. Einstein v. Davidson, 35 Fla. 342, 17 So. R. 563; Kroier v. Kroier, decided at the present term; 1 Black on Judgments, Secs. 242, 243-244; Malone v. Meres, *supra."*

In 34 C. J. 255, we find the text:

"An application for the opening or vacation of a judgment must be made, of course, within such time, during or after the term, as the court has jurisdiction to grant it, and any statutory limitation of the time within which an application to open or vacate a judgment may be made must be observed in all applications to open or vacate made under and within the operation of, the statute. But, where the application is not made under the statute, and upon statutory grounds, but invokes the inherent power of the court, the statutory limitation is generally deemed not applicable and the power to vacate in proper cases is not lost by mere lapse of time or expiration of the term. Within this rule fall cases where the judgment is vacated because it is void for want of jurisdiction, or because it was entered as the result of clerical mistake or inadvertence, or because of irregularity by reason of mistake of fact, or because of fraud, deception or collusion in obtaining the judgment, in all of which classes of cases the court has inherent power to vacate the judgment after expiration of the term, and without limitation as to time unless a limitation is prescribed by applicatory statute."

That this was termed an amendment to the motion for new trial is of no consequencee. It places the contention of the proponent of the motion before the court and the court could consider it as an independent motion to set aside the

verdict and judgment because of intrinsic fraud perpetrated in the procurement of the judgment. It is not the form but the substance which is to be considered. See S. A. L. Ry. Co. v. Geiger, 64 Fla. 282, 69 Sou. 753; Bradley v. Slater, 58 Neb. 554, 78 N. W. 1069.

From what has been said, it is apparent that I must reach the conclusion that upon the grounds presented in the motion here the court had jurisdiction to consider and grant the motion whether the same was presented within the four-day period of limitation for motion for new trial or not. This motion was presented at the same term of the court during which the judgment was rendered and it was presented before the original motion for new trial had been ruled upon.

It appears that there are two lines of authorities in regard to amendments to motions for new trial after the expiration of the statutory period allowed for the filing of such motions. In 46 C. J. 332, we find:

"In some jurisdictions amendments adding grounds not germane to those assigned in the original motion may be allowed only when presented within the time fixed by law for the filing of an original motion. But in other jurisdictions it has been held that a court may permit such amendments not germane at any time provided the amendment does not surprise or prejudice the adverse party, unless the motion has been disposed of. Also it is generally held that an amendment may be permitted where the ground sought to be included in the motion did not arise or did not become known until the time for filing the original motion had elapsed. But a different conclusion has been reached on this point."

In support of the latter holding cases from Georgia, Kentucky, Louisiana, Minnesota, Tennessee, Iowa, Texas

and Indiana, and also several Federal jurisdictions, are cited. It is not necessary, however, for us to resort to those authorities because Florida is already committed to the latter doctrine. See Kirkland v. State, 70 Fla. 585, 70 Sou. 592; Smith v. Smith, 117 Fla. 458, 158 Sou. 91, and Henderson v. State, 135 Fla. 548, 185 Sou. 625, wherein we held:

"Amendment to motion for new trial which was submitted five days after original motion and seven days after verdict, but before court had acted on motion, was properly received and considered."

For the reasons stated, the order granting motion for new trial should be affirmed.

WHITFIELD, J., concurs.

WHITFIELD, J. (concurring in opinion with Mr. Justice BUFORD).—The statute requiring motions for new trials to be made within four days after verdict rendered, is intended to secure prompt and orderly presentation of matters for appellate review in due course; but such statutory regulation as to time is not intended to prevent the court from exercising, in proper extraordinary cases like this vitally affecting the authority of the court, the inherent judicial power to maintain the integrity of judicial action by intrinsic fraud or by imposition upon the court. See Section 4, Declaration of Rights, Florida Constitution.