JULIA BAKER, Plaintiff in Error, v. PEAVY-WILSON LUMBER COMPANY, a Louisiana Corporation, Defendant in Error.

199 So. 323
Division A
Opinion Filed November 22, 1940
Rehearing Denied January 10, 1941

*George P. Garrett,* and *Lawrence Rogers,* for Plaintiff in Error;

*Ellis F. Davis* and *Maguire, Voorhis & Wells,* for Defendant in Error.

BUFORD, J.—On writ of error we review order granting a new trial.

This is the second appearance on the case here. See Baker v. Peavy-Wilson Lumber Company, 140 Fla. 791, 192 So. 193. After the case went back to the circuit court an addi-

tional plea was filed alleging: "That the father of L. B. Baker, a minor child, is still living, and defendant denies that the said father is dead; and that there is no right of action in plaintiff for the death of said minor child."

On this and other pleas trial was had which resulted in a verdict in favor of the plaintiff.

On April 13, 1940, within the statutory period for filing motions for new trial, motion for new trial was filed. Thereafter, before that motion was acted upon by the Court, on May 1, 1940, defendant, with leave of the Court, amended its motion for new trial by adding the following grounds:

"1. That it has been discovered since the filing of said original motion for new trial that Henry Baker, the father of L. B. Baker, is alive.

"2. That the defendant is now in possession of newly discovered evidence, which definitely and conclusively establishes that the father of said L. B. Baker is living."

It will be observed that in both of these grounds the defendant relied upon newly discovered evidence. In the original motion for new trial there was no allegation of newly discovered evidence. In the original motion, the first ground thereof, it was alleged, "that the evidence shows that the plaintiff is and was without right to maintain this action."

On the trial evidence had been introduced tending to prove defendant's additional plea above quoted and that matter was an issue submitted to the jury for determination.

After the amendment to the motion for new trial as stated, *supra,* the Court took testimony to determine whether or not the allegations of the amendments to the motion were true and also considered affidavits submitted with the motion in this regard.

The record shows the following:

"Upon consideration of defendant's motion for new trial

and said amendment and additional grounds, the Court by its order dated May 28, 1940, entered during said term of court, granted the motion for new trial, to which ruling the plaintiff excepted."

The conclusion appears inescapable that the court entered the order granting a new trial upon the grounds stated in the amendment to the motion for new trial and consideration of the evidence supporting those grounds of the motion.

In Mundee v. Freeman, 23 Fla. 529, 3 So. 153, this Court said:

"The application to amend the motion made after it has been decided and filed, and thus insert an entirely new ground in it, is in effect a second and independent motion for a new trial and if we should allow it, we would, by doing so, extend the time allowed by the statute for making motions for new trials from ten to at least forty days. We have no such power. The case of Stewart v. Matthews, 19 Fla. 752, supports our conclusions upon this point."

In the case of Walker Fertilizer Company v. Cole, 144 Fla. 37, 197 So. 777, we said:

"We, therefore, decide that grounds independent of those already stated cannot be incorporated in the motion under the guise of an amendment (Rogers v. Quabner, 41 Okl. 107, 137 P. 361) after the time for filing the original motion has expired . . ."

The record shows that the amendment to the motion for new trial raised the new ground of newly discovered evidence and that it came too. late to be allowed. The issue that this new evidence was calculated to support in behalf of the defendant had been tried and determined and this amendment has the same status as if no motion for new trial had been made within the time allowed by statute.

In this state of the record we conclude that the order granting motion for new trial should be reversed with direc-

tions that the court enter a judgment to conform to the verdict rendered by the jury, unless motion in arrest of judgment or for judgment *non obstante veredicto* should be made and prevail.

It is so ordered.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.