MATHEWS, Justice.
This is an appeal from a final judgment in a personal injury suit whereby the judgment was entered for the appellees for $45,000 based upon a verdict for that amount returned by the Jury.
The material question presented by this appeal is the contention of the appellant that the amount of the verdict was excessive.
The Jury had an opportunity to observe all of the witnesses, including the appellee. Dr. W. Tracy Haverfield, a neurological surgeon, and who qualified as such, testified that the headaches which had been described by the appellee would be with him for, more or less, the rest of his life. The appellee received a serious brain injury which he testified produced the headaches. Dr. Haverfield further testified that the ap-pellee was permanently injured in his brain, and then said:
“A. His ability to sense things and express himself and things like that have to be taken into consideration. This is probably fifty per cent. His disability to carry on his business and make a ■ decent living compared with what he was able to do before is probably a hundred per cent. He is not probably a bed patient where he need constant attendance.”
The testimony given ,by Dr. Haverfield was corroborated by Dr. Exum, who was the family physician of the appellee. Other witnesses testified as to differences in his activities, memory, and manners before and after the accident.
The appellee testified that he earned a net income of approximately $20 per day prior to the accident. He was 51 years of age and had a life expectancy at the time of the trial of 19 years. A mathematical calculation, based on these figures, *226 gave the Jury a figure in excess of $130,-000 to he reduced to its present value at the time of trial. This does not include medical and hospital bills of over $600, past or future pain and suffering or the fact that he is handicapped or incapacitated, and will be for the rest of his natural life.
In denying the motion for a new trial, the trial Judge said:
“Among other things, the Court cannot say that the new matter ‘if believed by the jury would have necessitated a different result.’ Dividing the award into months for nineteen years, (plaintiff’s life expectancy) results in a sum of less than Two Hundred Dollars monthly to a man whom the jury could believe from the testimony suffered extensive permanent brain injury, and this award was for all of the elements of damages the jury could lawfully consider. It is not reasonably certain in the Court’s mind that the jury would have arrived at a different conclusion, for if damages had been awarded at the rate of Twenty Dollars a day for plaintiff’s life expectancy, in addition to the other elements, there would have been a greatly enlarged result.” (Emphasis supplied.)
Under the facts and circumstances shown by this record we cannot say that the verdict was excessive, and this is especially true, when the same was reviewed by the trial Judge on the motion for new trial.
The appellant filed an extraordinary motion for a new trial upon the ground of newly discovered evidence that appellee had sworn falsely as to his earnings. The Court denied the motion and also struck the extraordinary motion for new trial. The appellant makes a particular assignment of error with reference to the extraordinary motion for new trial. This extraordinary motion was filed more than three months after the verdict of the Jury was entered.
The appellee filed a motion to strike the extraordinary motion in words as follows:
“Comes Now the plaintiff, C. Frank Gibson, and moves to strike the Extraordinary Motion for New Trial filed by the defendant in this cause on June 11, 1952, on the ground that same is improper matter for the Court to consider, same has not been properly filed and and therefore is not entitled to any •legal consideration, same has not been filed in the manner required by law, and on the further ground that a proper predicate has not been laid for filing said motion in the manner in which it was filed.”
The Court granted the motion to strike extraordinary motion for new trial in the following words:
“Ordered and adjudged that plaintiff’s motion to strike the extraordinary motion for new trial be and the same is hereby granted, defendant’s motion on its face stating a new and different basis or ground for another trial, independent of those already stated. Walker Fertilizer Co. v. Cole, 144 Fla. 37, 197 So. 777, 132 A.L.R. 536; Baker v. Peavy-Wilson Lumber Co., 145 Fla. 116, 199 So. 323.”
It has not been made to appear from the record that the trial Judge abused his discretion in granting the motion to strike the extraordinary motion for new trial. Howard v. State, 36 Fla. 21, 17 So. 84; Vining v. American Bakeries Co., 121 Fla. 116, 163 So. 396; 39 Am.Jur. § 158, p. 165.
We have carefully considered all other assignments of error, the briefs and oral arguments' at the -bar of the Court, and we do not find that the appellant has carried the burden of making it appear that there was any reversible error.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.